MEAD v. PETERSON-KING CO.

1. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—EXPENSES
OF RECOVERY—APPORTIONMENT—COURTS—JURISDICTION.

> Authority to apportion expenses among the parties who obtain
> a third-party tortfeasor judgment under the workmen's com-
> pensation act expressly lies with the court which had juris-
> diction over the third-party action, not with the Workmen's
> Compensation Commission; consequently, since the Workmen's
> Compensation Commission lacked jurisdiction to determine the
> division and apportionment of expenses resulting from plain-
> tiff's third-party recovery, the Court of Appeals would not
> consider on appeal an apportionment made by the commission
> (MCLA § 413.15).

2. WORKMEN'S COMPENSATION—THIRD-PARTY TORTFEASOR—SECOND
INJURY FUND—RIGHT TO REIMBURSEMENT.

> The Second Injury Fund was not entitled to credit from a third-
> party tortfeasor judgment as advance payment since the right
> to reimbursement which inures to the benefit of an injured
> employee's employer or the employer's compensation carrier is
> purely statutory and that statute neither authorizes reimburse-
> ment to the Second Injury Fund nor allows the fund a credit
> against third-party recoveries; therefore, a referee's order
> allowing the Second Injury Fund an offsetting credit against
> plaintiff's recovery from the third-party tortfeasor was error.

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 3 April 9, 1970, at Grand
Rapids. (Docket No. 6,981.) Decided June 23, 1970.
Application for leave to appeal filed July 8, 1970.

REFERENCE FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Workmen's Compensation §§ 358, 543.

Gilbert Mead presented his claim against Peterson-King Company, U.S. Fidelity & Guaranty Company, and Michigan Second-Injury Fund for total and permanent disability. Benefits granted, and differential benefits from Second-Injury Fund, with a provision in the award that the Second-Injury Fund had a right of subrogation against a third-party tortfeasor. Plaintiff appealed to Workmen's Compensation Appeal Board. Affirmed. Plaintiff appeals. Reversed in part and remanded.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley,* for plaintiff.

*Hayes & Davis,* for defendants Peterson-King Company and U.S. Fidelity and Guaranty Company.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *A. C. Stoddard,* Assistant Attorney General, for Michigan Second-Injury Fund.

Before: HOLBROOK, P. J., and BRONSON and E. W. BROWN,* JJ.

BRONSON, J. Plaintiff, Gilbert Mead, suffered the loss of both legs as the result of an accident while driving a truck for defendant Peterson-King Company on November 5, 1961. U.S. Fidelity & Guaranty Company, the workmen's compensation insurance carrier for defendant Peterson-King, immediately commenced payments to plaintiff. Thereafter, plaintiff commenced suit against Associated Truck Lines alleging its responsibility for his injuries as a negligent third party. MCLA § 413.15

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(Stat Ann 1968 Rev § 17.189).[1] Plaintiff prevailed in the third-party suit, and the claim was subsequently compromised for $175,000. At that time, the insurance company had paid compensation benefits of $27,609.

Pursuant to MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) it was either found or stipulated by the parties that the compensation carrier would bear $11,043 of the cost of recovery from the third-party tortfeasor. The insurance company was reimbursed $16,565 and, after deduction of other costs of recovery, plaintiff's net recovery was approximately $86,470. This latter amount represents the "advance payment", or credit, contemplated by the statute.

On June 3, 1965, plaintiff filed an application with the workmen's compensation department for a hearing and adjustment of claim on total and permanent disability benefits. Additionally, the plaintiff sought to have the defendants pay partial weekly benefits to cover a *pro rata* share of attorney fees applicable to the recovery from the third-party tortfeasor. Basically, plaintiff argued that since the $86,470 was to be treated as an "advance payment" by the defendant for future compensation payments, this amount should have been included in the defendant's base when determining the proportionate share of the parties for the purpose of deducting the expense of recovery.[2]

---

[1] Replaced by MCLA 1970 Cum Supp § 418.827 (Stat Ann 1970 Cum Supp § 17.237[827]). The legislature enacted a new workmen's compensation act to take effect December 31, 1969. MCLA 1970 Cum Supp § 418.101 *et seq.* (Stat Ann 1970 Cum Supp § 17.237[101] *et seq.*). Since the instant case arose prior to this enactment, and further noting no substantive changes in the sections relevant to this case, the discussion will relate to the prior statutes with appropriate cross references to the new act appearing in the footnotes.

[2] The $11,043, determined to be the defendant's proportionate share in the expense of recovery, was based upon the amount of compensation paid by the defendant-carrier at the date of the third-party recovery, *i.e.*, $27,609. The plaintiff is arguing that the defendant's proportionate share should have been based upon the amount of

The hearing referee found the plaintiff was in fact permanently and totally disabled. Thus, the order had the effect of qualifying plaintiff for payments from the second injury fund, a fund which is basically designed to provide certain recipients of workmen's compensation payments with amendatory legislation which increases payment schedules. MCLA § 412.9 (Stat Ann 1968 Rev § 17.159).[3] In this case, the schedule in effect at the time of plaintiff's injury called for payments of $36 per week. At the date of application, the same injury required payment of $69 per week. The hearing referee held that plaintiff was entitled to receive from the second injury fund a "differential payment" of $33 per week.

In addition to the undisputed finding by the hearing referee that plaintiff qualified for payments from the second injury fund, the referee also found that the fund would be entitled to a credit against the third-party recovery, to be treated as "advance payment", similar to the credit the statute provides for the employer.

Plaintiff appealed the referee's decision to the workmen's compensation appeal board, which affirmed the referee. Plaintiff was granted leave to appeal by this Court.

Plaintiff's first issue on appeal relates to the apportionment of expenses for recovery between the respective parties. The plaintiff argues that not only was an incorrect base used in determining the proportionate expenses of the parties,[4] but that the jurisdiction to supervise payment and determine the amount of contribution rests with the workmen's

---

compensation paid to the date of the third-party recovery ($27,609) *plus* the amount of credit the defendant would receive against future compensation payments ($86,470).

[3] Currently governed by MCLA 1970 Cum Supp § 418.571 (Stat Ann 1970 Cum Supp § 17.237[521]).

[4] Note 2, *supra.*

compensation department. With this contention we disagree. MCLA § 413.15 (Stat Ann 1968 Rev § 17.189) clearly states:

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as *directed by the court*. The expenses of recovery above mentioned shall be apportioned *by the court* between the parties as their interests appear at the time of said recovery." (Emphasis added.)

The *court* referred to in the statute is the court which had jurisdiction over the third-party action. In view of the express language in the statute, there is no reason to believe the legislature intended to give the apportionment authority to the bureau of workmen's compensation.[5] Since third-party actions are filed in a "court", rather than with the bureau of workmen's compensation, it follows that the legislature would deem the *court* in which the action was brought to be the appropriate forum, in the absence of an agreement by the interested parties, to divide and apportion the proceeds of the recovery.

Since the bureau of workmen's compensation lacks jurisdiction to determine the division and apportionment of expenses resulting from a third-party recovery, this Court will not address itself to the issue of apportionment in this appeal. A question challenging the apportionment of expenses in third-party court actions, arising under the authority of MCLA § 413.15 (Stat Ann 1968 Rev § 17.189), would

---

[5] In *In re Gay's Estate* (1945), 310 Mich 226, 230, the Court stated: "Plain, unambiguous language in a statute leaves no room for judicial construction and must be given effect according to the plain meaning of the words."

have to come to this Court by appeal from that court determination.[6]

The next issue on appeal is directed at the referee's order, allowing the second injury fund an offsetting credit against the recovery from the third-party tortfeasor; a credit *expressly* granted by the statute only to the *employer*. In affirming this determination, the workmen's compensation appeal board stated the following with respect to MCLA § 413.15 (Stat Ann 1968 Rev § 17.189):

"The legislative intent   *   *   *   appears to have been to afford the employee an opportunity to pursue his enforcement of liability against a third-party tortfeasor to obtain a recovery beyond that which could be recovered under the Workmen's Compensation Act. At the same time, the [legislature intended] to preclude a double recovery by the employee   *   *   *   .

*   *   *

"In our opinion the fact that the Second Injury Fund  .*   *   *   began to assume responsibility for differential payments does not alter or do away with the basic and elementary concept that there be no double recovery by the employee.

*   *   *

"The Second Injury Fund, when it becomes the responsible payer of workmen's compensation payments, accepts not only the obligations created by the employer, but is entitled at the same time to those rights to which the employer was entitled.
*   *   *   "

---

[6] The proper method to be used in determining the parties' proportionate share of the expenses in a recovery from a third-party tortfeasor was set forth in *Horsey* v. *Stone & Webster Engineering Corp.* (WD Mich, 1958), 162 F Supp 649, 654. As a point of information, we note that compliance with the tabulation method in *Horsey* would not substantially alter the apportionment made in the instant case. See *Potter* v. *Vetor* (1959), 355 Mich 328.

The issue of whether the second injury fund is entitled to credit from the third-party recovery presents a question heretofore unanswered in any reported appellate decisions in this State. Decisions in other jurisdictions are at variance.[7] The statute controlling actions against third-party tortfeasors, MCLA § 413.15 (Stat Ann 1968 Rev § 17.189), provides in part:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the *employer or its compensation insurance carrier* may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. \* \* \*

\* \* \*

"In the event the injured employee or his dependents or personal representative shall settle their claim for injury or death, or commence proceeding

_____

[7] *Compare Cole v. Morris* (Mo, 1966), 409 SW2d 668 (holding Missouri second injury fund entitled to be subrogated to the employee's right to recovery in a third-party action), *with Orth v. Shiely* (1958), 253 Minn 142 (91 NW2d 463) (denying subrogation to special compensation fund in absence of specific statutory authorization). *See Cabe v. Potham* (Ky, 1969), 444 SW2d 910; *Bello v. Commissioner of Dept. of Labor & Industry* (1968), 103 NJ Super 180 (246 A2d 759), *aff'd in part* (1969), 106 NJ Super 405 (256 A2d 63), *cert granted*, 54 NJ 561 (258 A2d 13).

thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the *employer or its workmen's compensation insurance carrier* for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the *employer* on account of any future payment of compensation benefits." (Emphasis added.)

This statute expressly reserves for the injured employee his common-law right of action against a third party whose negligence caused the injuries. The only limitation imposed upon this right is that the *employer* or its *compensation carrier* may be subrogated to the rights of the employee against the third-party tortfeasor, and, under appropriate circumstances, the employer may treat the employee's net recovery from an action against the third party as a credit to offset future compensation payments. The right to reimbursement from a third-party judgment, which inures to the benefit of the *employer* or its *compensation carrier,* is purely statutory[8] and is

---

[8] It is well established that the workmen's compensation act is an entire departure from the common law insofar as it pertains to the rights and duties of the employer and employee. *Oleszek* v. *Ford Motor Co.* (1922), 217 Mich 318; *Boshaw* v. *J. J. Newberry Co.* (1932), 259 Mich 333, *overruled on other grounds,* *Halfacre* v. *Paragon Bridge & Steel Co.* (1962), 368 Mich 366.

derived from what our courts have labeled "statutory subrogation". *Michigan Employers Casualty Co.* v. *Doucette* (1922), 218 Mich 363, 365; *Bay State Milling Co.* v. *Izak* (1945), 310 Mich 601, 604. *See, Albert A. Albrecht Co.* v. *Whitehead & Kales Iron Works* (1918), 200 Mich 109, 113.

In the statute under consideration, there is neither anything which authorizes reimbursement to the second injury fund, nor is there authorization for allowing that fund a credit against third-party recoveries. The legislature recently enacted the workmen's compensation act of 1969.[9] MCLA 1970 Cum Supp § 418.827 (Stat Ann 1970 Cum Supp § 17.237 [827]) prescribes the procedure for applying proceeds from third-party recoveries. Once again, the legislature has seen fit not to expressly include the second injury fund within the same status as the employer and its compensation carrier.

Justice O'HARA, dissenting in *Gamble* v. *American Asbestos Products Co.* (1968), 381 Mich 105, 114, noted that the practical effect of the statute is to "constitute the injured workman a collection agency for the employer or insurer." Absent express legislative mandate, we choose not to enlarge the injured employee's clientele to include the second injury fund.

The case is remanded to the workmen's compensation department for action in accordance with this opinion.

Reversed in part and remanded.

All concurred.

___

[9] Note 1, *supra.*