REVARD v JOHNS-MANVILLE SALES CORPORATION

Docket Nos. 51779 through 51787. Submitted June 4, 1981, at Detroit.
—Decided November 3, 1981. Leave to appeal applied for.

The Silicosis and Dust Disease Fund (Dust Fund) appeals by right
the orders of the Wayne Circuit Court, James Montante, J.,
denying Dust Fund's motion to intervene as a party plaintiff in
each of the nine cases consolidated in this appeal. The plaintiffs
or their decedents in each case were disabled or died because of
diseases allegedly caused by the inhalation of asbestos fibers
during the course of their employment. Each plaintiff or his
decedent received workers' compensation benefits from the
employers or the insurance carriers of the employers involved.
Dust Fund is required to reimburse the employers or insurance
carriers for any amount in excess of $12,500 paid to each
claimant. Lucille E. Revard, administratrix of the estate of
Leeman George Revard, deceased, brought a third-party tort
action against Johns-Manville Sales Corporation, seeking dam-
ages. The other plaintiffs all brought similar third-party tort
actions seeking damages against the various defendants, al-
leged to be the manufacturers and distributors of the asbestos
products which caused the disabling or fatal diseases suffered
by the plaintiffs or their decedents. Dust Fund sought to
intervene as a party plaintiff in these actions in order to seek
reimbursement for the moneys paid by the fund out of any
damages eventually recovered by the plaintiffs. *Held:*

Dust Fund has no statutory or common-law right of reim-
bursement from the proceeds of any third-party tort recovery
which the plaintiffs may realize. The trial court properly de-
nied the motions to intervene.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

The rule of statutory construction, *expressio unius est exclusio
alterius,* holds that the express mention of certain things in a
statute implies the exclusion of other similar things; this rule is

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 211, 212, 310.
[2] [No reference]

well recognized in Michigan and is particularly applicable to the construction of statutes which are in derogation of the common law.

2. WORKERS' COMPENSATION — SILICOSIS AND DUST DISEASE FUND.

The Silicosis and Dust Disease Fund of the State of Michigan has no statutory or common-law right of reimbursement from the proceeds of any third-party tort recovery by a recipient of workers' compensation benefits in an action against the manufacturers or distributors of products which caused a disabling or fatal disease to the recipient or his decedent for compensation payments made by the fund under the terms of the Worker's Disability Compensation Act (MCL 418.531[1]; MSA 17.237[531][1]).

*Arthur L. Petersen, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for Silicosis and Dust Disease Fund.

Before: BRONSON, P.J., and R. M. MAHER and F. X. O'BRIEN,* JJ.

PER CURIAM. The Silicosis and Dust Disease Fund (Dust Fund) appeals by right the orders of the trial court denying Dust Fund's motions to intervene as a party plaintiff in each of the nine cases consolidated in this appeal.

Each of the nine plaintiffs or their decedents were insulation applicators who were disabled or who died because of diseases allegedly caused by the inhalation of asbestos fibers during the course of their employment. Each of the plaintiffs or their decedents received workers' compensation benefits. The employers or their workers' compensation insurance carriers were and are being reimbursed by Dust Fund for the payment of all benefits in

---

* Circuit judge, sitting on the Court of Appeals by assignment.

excess of $12,500 pursuant to MCL 418.531(1); MSA 17.237(531)(1), which provides:

"In each case in which a carrier has paid, or causes to be paid, compensation for disability or death from silicosis or other dust disease either to the employee, or to another employer pursuant to section 435, the carrier shall be reimbursed from the silicosis and dust disease fund for all sums paid in excess of $12,500.00, excluding payments made pursuant to sections 315, 319, and 345 which have been paid by the carrier as a portion of its liability."

The plaintiffs each brought third-party tort actions seeking damages against the various defendants. These defendants are alleged to be the manufacturers and distributors of the asbestos products which caused the disabling or fatal diseases suffered by the plaintiffs or their decedents. Dust Fund sought to intervene as a party plaintiff in these actions in order to seek reimbursement for the moneys paid from the fund out of any damages eventually recovered by the plaintiffs. As noted above, the trial court ultimately denied the motions and Dust Fund has appealed.

Dust Fund first argues that the trial court erred in denying its motion to intervene because it has a right to reimbursement under the provisions of the Worker's Disability Compensation Act. The relevant portion of that act provides as follows:

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. *Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this*

*act to date of recovery* and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits." MCL 418.827(5); MSA 17.237(827)(5). (Emphasis added.)

As can be seen, the statute limits the right of reimbursement to employers and carriers. Since Dust Fund is clearly not the employer, it is entitled to reimbursement under the statute only if it can be considered a "carrier". "Carrier" is defined under the act as a self-insurer, an insurer, and the accident fund. MCL 418.601(c); MSA 17.237(601)(c). Since Dust Fund is neither a "self-insurer" (see MCL 418.601[b]; MSA 17.237[601][b]) nor "the accident fund" (see MCL 418.701; MSA 17.237[701]), it can only qualify as a "carrier" entitled to reimbursement if it is an "insurer". An "insurer" is defined under the act as "an organization which transacts the business of workmen's compensation insurance within this state". MCL 418.601(a); MSA 17.237(601)(a).

We are not convinced that Dust Fund meets this statutory definition. Quite simply, Dust Fund is not in the *business* of providing workers' compensation insurance. It seeks no profit, but was instead created to cushion employers and insurance carriers from the potentially devastating impact of paying long-term benefits for dust disease disabilities, while at the same time providing that the victims of such disease are fully compensated. *Stottlemeyer v General Motors Corp*, 399 Mich 605, 611-612; 250 NW2d 486 (1977). This conclusion is, in addition, amply supported by the rule of statutory construction which holds that the express mention of certain things implies the exclusion of other similar things. *Expressio unius est*

*exclusio alterius.* This rule is well recognized in Michigan. See *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971), *People v Malik,* 70 Mich App 133, 136; 245 NW2d 434 (1976). It is particularly applicable to the construction of statutes, such as the workers' compensation act, which are in derogation of the common law. *Taylor v Michigan Public Utilities Comm,* 217 Mich 400, 402-403; 186 NW 485 (1922). Concerning the instant case, the statute defines a "carrier" as a self-insurer, an insurer and the accident fund". MCL 418.601(c); MSA 17.237(601)(c). The Legislature's express inclusion of the accident fund within the definition of "carrier", therefore, implies the exclusion of other similar funds also created by the workers' compensation act, including Dust Fund. As noted above, exclusion from the definition of "carrier" means that Dust Fund does not enjoy the statutory right of reimbursement.

Our conclusion that Dust Fund has no statutory right of reimbursement is also supported by this Court's decision in *Mead v Peterson-King Co,* 24 Mich App 530; 180 NW2d 304 (1970), *lv den* 384 Mich 832 (1971). *Mead* dealt with the same issue in terms of the second injury fund, holding that that fund enjoyed no statutory right of reimbursement. *Id.,* 537-538. See also *White v Weinberger Builders, Inc,* 397 Mich 23, 31-32; 242 NW2d 427 (1976). Although Dust Fund has sought to distinguish its nature and functions from those of the second injury fund, we do not find those distinctions relevant to the issue presented. We also note that, while the decision rendered in *Mead* is now over 11 years old, the Legislature has not seen fit to alter the result in *Mead* by favoring the second injury fund with a statutory right of reimbursement.

Dust Fund also argues that it has a common-law right to reimbursement. We are not persuaded, however, that any common-law right to reimbursement exists. Workers' compensation is entirely statutory, and was unknown to the common law. Dust Fund is a creature of the Michigan workers' compensation act. MCL 418.501; MSA 17.237(501). As such, any right to reimbursement is limited by that same act. See *Taylor v Michigan Public Utilities Comm, supra,* 403, *Mead v Peterson-King Co, supra,* 537-538. It is on this ground which the cases cited by Dust Fund are distinguishable,[1] since in those cases the parties seeking indemnification apart from the statutes there in question were private employers or insurance companies. The policy implications which attach to this factual distinction support a finding that the fund has no common-law right of reimbursement. In Michigan, the Legislature has clearly expressed its intention that employers and insurance carriers be reimbursed. Accordingly, in a given case, it might conceivably be argued that this intent should be served by recognizing a common-law right to reimbursement apart from the statute. As noted above, however, principles of statutory construction lead to the conclusion that the Legislature did not intend Dust Fund to enjoy a similar statutory right of reimbursement. Recognition of a common-law right of reimbursement would defeat this intent.

Dust Fund finally argues that it has a right of intervention as a party in interest. MCL 418.827(1); MSA 17.237(827)(1), GCR 1963, 201.2, 209.1. This argument, however, merely begs the

[1] *Federal Marine Terminals, Inc v Burnside Shipping Co, Ltd,* 394 US 404; 89 S Ct 1144; 22 L Ed 2d 371 (1969), *Louviere v Shell Oil Co,* 515 F2d 571 (CA 5, 1975), *Travelers Ins Co v Northwest Airlines, Inc,* 94 F Supp 620 (ND Wis, 1950).

previous question. If Dust Fund has no right to reimbursement, then it has no interest to protest through intervention. See *Flower v Gensterblum,* 86 Mich App 561, 570-571; 272 NW2d 726 (1978).[2]

The plaintiffs and Dust Fund have both ably presented policy arguments for and against the result we reach. Were we determining this issue in the first instance ourselves, their competing arguments would be of prime importance. Having determined, however, that the intent of the Legislature was to deny Dust Fund the right of reimbursement, these arguments would more constructively be presented to that body.

Because Dust Fund has no statutory or common-law right of reimbursement from the proceeds of any third-party tort recovery which the plaintiffs may realize, the trial court properly denied the motions to intervene.

Affirmed.

---

[2] Concerning *Flower's* discussion of the substantive law underlying its decision, see *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980).