SHOUP v JOHNS-MANVILLE SALES CORPORATION

Docket No. 75315. Submitted August 22, 1984, at Detroit.—Decided
   January 20, 1985.

   Laura Shoup's husband, an insulation applicator, suffered from
   asbestosis and received workers' compensation benefits prior to
   his death. After his death, Laura Shoup filed a third-party tort
   action in Wayne Circuit Court against Johns-Manville Sales
   Corporation, Mechanical Insulation Services, Inc., and others
   seeking damages for causing her husband's asbestosis. Plaintiff
   settled with all the defendants. The certificate of distribution of
   the settlement was expressly made subject to resolution by final
   unappealed order determining the extent of a lien claim, if any,
   of the Silicosis and Dust Disease Fund (Dust Fund) and pro-
   vided that appropriate sums would be placed in escrow until
   after resolution of that question in other pending litigation.
   The Dust Fund sought to intervene as a party plaintiff in this
   and other similar actions to seek reimbursement for monies
   paid by it from any damages the plaintiffs might recover. The
   motions to intervene were denied, James E. Mies, J., and that
   decision was upheld by the Court of Appeals in *Revard v Johns-
   Manville Sales Corp*, 111 Mich App 91; 314 NW2d 533 (1981).
   The Supreme Court denied leave to appeal, 411 Mich 854
   (1983). Plaintiff then filed a motion for disbursement of the
   funds held in escrow. The motion was granted over the objec-
   tion of the Dust Fund, which the court ruled had no standing
   to object to entry of the order. The Dust Fund appeals from the
   order granting disbursement. *Held:*

      A statutory amendment granting the Dust Fund a statutory
   right to obtain reimbursement from third-party recoveries be-
   came effective May 7, 1984. Prior to the enactment of that
   amendment, the Dust Fund had no right to reimbursement
   from the proceeds of a plaintiffs' third-party tort recovery

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 82 Am Jur 2d, Workmen's Compensation §§ 303, 659-661.
[2] 82 Am Jur 2d, Workmen's Compensation § 429 *et seq.*
   Attorney's fee or other expenses of litigation incurred by employee
      in action against third party tortfeasor as charge against employ-
      ee's distributive share. 74 ALR3d 854.
[3] 81 Am Jur 2d, Workmen's Compensation § 34.

action. Since the right to reimbursement granted to the Dust Fund by the statutory amendment is more than a change in remedy or procedure, the amendment applies prospectively only and does not affect this case.

Affirmed.

1. WORKERS' COMPENSATION — SILICOSIS AND DUST DISEASE FUND — REIMBURSEMENT OF BENEFITS PAID BY EMPLOYERS.

The Silicosis and Dust Disease Fund, provided for by the Workers' Disability Compensation Act, was created to cushion employers and insurance carriers from the potentially devastating impact of paying long-term benefits for dust disease disabilities and to ensure that victims of such disease are fully compensated; the fund does not pay any benefits directly to the employee, but reimburses the employer or insurance carrier for benefits they pay the employee in excess of $12,500 provided that they correctly apply the statute; overpayments by employers or carriers will not be reimbursed by the fund (MCL 418.531[1]; MSA 17.237[531][1]).

2. WORKERS' COMPENSATION — THIRD-PARTY ACTIONS — REIMBURSEMENT OF BENEFITS PAID BY EMPLOYERS.

Recipients of workers' compensation benefits may bring actions in tort against a third party; if the action is successful, the employer or insurance carrier is entitled to reimbursement for any amounts it has already paid out to the employee, and the balance of the recovery is treated as an advance payment by the employer of future benefits the employer would otherwise be obligated to pay the employee (MCL 418.827[5]; MSA 17.237[827][5]).

3. WORKERS' COMPENSATION — SILICOSIS AND DUST DISEASE FUND — THIRD-PARTY ACTIONS — RECOVERY OF BENEFITS PAID BY FUND.

The Silicosis and Dust Disease Fund's right to reimbursement from the proceeds from third-party tort actions of workers' compensation benefits paid by the fund was granted by a statutory amendment which became effective May 7, 1984; since the granting of that right was more than a change in remedy or procedure, the amendment has prospective effect only (MCL 418.531[3], 418.827; MSA 17.237[531][3], 17.237[827]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Caleb B. Martin, Jr.,* Assistant Attorney General, for the Silicosis and Dust Disease Fund.

*Arthur L. Petersen, P.C.* (by *Arthur L. Petersen),* for plaintiff-appellee Laura Shoup.

*Davidson, Breen & Doud, P.C.* (by *John Davidson),* for defendant-appellee Mechanical Insulation Services, Inc.

Before: SHEPHERD, P.J., and MACKENZIE and P. NICOLICH,\* JJ.

PER CURIAM. The Silicosis and Dust Disease Fund, intervening plaintiff, appeals as of right from an order granting disbursement of funds to plaintiff.

Plaintiff's decedent suffered from asbestosis allegedly caused by his work as an insulation applicator and received workers' compensation benefits. Plaintiff brought a third-party tort action against defendants, seeking damages for causing the decedent's asbestosis. Plaintiff settled against all defendants. The certificate of distribution of the settlement was expressly made "subject to resolution by final unappealed order determining extent of lien claim, if any, of the dust fund, and appropriate sums shall be escrowed until such resolution of pending litigation".

The Dust Fund sought to intervene as party plaintiff in this and similar actions to seek reimbursement for monies paid by the fund from any damages the plaintiffs might recover. Denial of its motions to intervene was appealed to this Court. In *Revard v Johns-Manville Sales Corp,* 111 Mich App 91; 314 NW2d 533 (1981), this Court ruled that the Dust Fund could not intervene because it had no right to reimbursement from the proceeds of a third-party lawsuit. The instant case was one of the cases consolidated on appeal in *Revard.*

---

\* Circuit judge, sitting on the Court of Appeals by assignment.

Leave to appeal this Court's decision was denied by the Supreme Court. 417 Mich 854 (1983).

Since the Supreme Court's denial of leave to appeal *Revard* represented the final unappealed order determining the extent of the Dust Fund's lien claim on plaintiff's recovery, plaintiff brought a motion for disbursement of funds held in escrow pending final unappealed order. The order was entered on November 18, 1983, over the Dust Fund's objection, as the court believed the Dust Fund had no standing to object to entry of the order. From entry of that order the Dust Fund appeals.

The Dust Fund objects specifically to the following language in the order granting disbursement of funds held in escrow:

"It is further ordered that in determining sums of monies to be released to plaintiff, any claim of the Silicosis and Dust Disease Fund to reimbursement and/or set-off shall not be reflected in the *Franges [Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979)] calculations, this matter having been resolved by *Revard [supra]* * * *."

The Dust Fund contends that this language is overbroad and misconstrues *Revard.* The Dust Fund would like to insert the words "from the plaintiff" between the words "set-off" and "shall", arguing that *Revard* only prohibits the Dust Fund from obtaining reimbursement directly from any third-party tort recovery plaintiffs may realize, but that *Revard* left open the question of the extent of the employer's recovery.

The Dust Fund was created under a part of the Worker's Disability Compensation Act, MCL 418.101 *et seq.;* MSA 17.237(101) *et seq.* It was created to cushion employers and insurance carri-

ers from the potentially devastating impact of paying long-term benefits for dust disease disabilities and also to ensure that victims of such disease are fully compensated. *Stottlemeyer v General Motors Corp,* 399 Mich 605; 250 NW2d 486 (1977); *Revard, supra,* p 94. The fund does not pay any benefits directly to the employee, but reimburses the employer or carrier for benefits they pay the employee in excess of $12,500. MCL 418.531(1); MSA 17.237(531)(1). The Dust Fund states that it is its policy to reimburse employers only to the extent that they correctly apply the statute, so that overpayments by employers will not be reimbursed by the Dust Fund.

Under the provisions of the Worker's Disability Compensation Act, recipients of workers' compensation may bring actions in tort against a third party. If the action is successful, the employer or carrier is entitled to reimbursement for any amounts it has already paid out to the employee, and the balance of the recovery is treated as an advance payment by the employer of future benefits the employer would otherwise be obligated to pay the employee. MCL 418.827(5); MSA 17.237(827)(5). The formula for apportioning the recovery and the costs of recovery between the employer or insurer and the employee, both as to past and future benefits, was spelled out in *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

The Dust Fund acknowledges that *Revard* prohibits it from obtaining reimbursement directly from a third-party tort recovery. But the Dust Fund suggests *Revard* left open the question of whether the Dust Fund could obtain reimbursement from the employer. The employer has a statutory right to reimbursement from the third-party tort recovery, yet the employer has already

been reimbursed by the Dust Fund for payments it made in excess of $12,500.

We find no merit in the Dust Fund's appeal.

We first question whether the Dust Fund has a right to intervene in this action. *Revard* held that the Dust Fund could not intervene because it had no right to reimbursement from the proceeds of the third-party recoveries. The instant case was one of those consolidated in *Revard,* which means the Dust Fund was properly denied intervention in this case as well. However, *Revard* did not discuss MCL 14.101; MSA 3.211, which gives the Attorney General broad discretion to intervene in any action where "intervention is necessary in order to protect any right or interest of the State". Since the Attorney General, on behalf of the Dust Fund, argues that this appeal involves issues distinct from those decided in *Revard,* we will not allow *Revard's* holding to prevent the Dust Fund from bringing this appeal as a plaintiff-intervenor.

We disagree, however, with the Dust Fund's assertion that this appeal involves legal principles different from those at issue in *Revard.*

The Dust Fund is correct in asserting that *Revard* addressed only the Dust Fund's right to reimbursement from a plaintiff's recovery, not from the employer's or insurer's recovery. This Court in *Revard* determined that the Dust Fund had no statutory right to reimbursement, such having been expressly reserved only to the "employer or carrier", of which the Dust Fund was neither. The Court's analysis thus focused not on who the Dust Fund might be reimbursed by, but on the source of the right of reimbursement. The Court's holding that the Dust Fund has no right of reimbursement would preclude reimbursement from the employer as well as from the plaintiff directly.

However, the Legislature recently nullified the holding of *Revard.* By 1984 PA 98, which took effect immediately upon passage May 7, 1984, MCL 418.531; MSA 17.237(531) was amended to include: "All of the funds under this chapter shall have a right to commence an action and obtain recovery under section 827 [MCL 418.827; MSA 17.237(827)]." Thus, not only the Dust Fund but also the second injury fund—which had already been held not to have a right of reimbursement, on which holding the *Revard* Court relied in reaching its conclusion—have a statutory right to obtain reimbursement from third-party recoveries. If the amended statute applies to this case, the trial court's disbursement order is clearly in error as regards the Dust Fund provisions.

As with legislative enactments generally, the rule is that amendments will be construed prospectively and not retrospectively. 21 Mich Law & Practice, Statutes, § 105, p 133. But when amendments relate only to remedy or procedure they may be given a retrospective construction. *Id.; Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 601; 281 NW2d 454 (1979).

The right to reimbursement granted the Dust Fund by the statutory amendment is more than a change in remedy or procedure. The fund may now seek monies to which it was previously not entitled. We therefore conclude that the statute has prospective effect only and does not affect the instant case.

We therefore affirm the trial court's decision not to modify the wording of its order disbursing funds to plaintiff.

As the other issues raised by the Dust Fund on appeal are not necessary to disposition of this case

or are not properly before us, we express no opinion on them. We would point out, however, that if the Dust Fund still has a dispute with an employer regarding an amount of reimbursement which may be owed that employer, the proper forum for resolving the matter is the Bureau of Workers' Disability Compensation. MCL 418.531(1); MSA 17.237(531)(1).

Affirmed.