## GROGAN v MANISTIQUE PAPERS, INCORPORATED

Docket No. 83395. Submitted May 8, 1986, at Detroit. Decided July 15, 1986.

Plaintiff, Michael Grogan, sustained injuries which resulted in paralysis from his waist down as a result of a fall from a scaffold at a construction project at the facilities of Manistique Papers, Incorporated. Plaintiff began receiving workers' compensation benefits from his employer's insurer, Michigan State Accident Fund. Because of the permanent nature of plaintiff's disability, the Second Injury Fund of the State of Michigan voluntarily paid him total and permanent disability benefits. Plaintiff subsequently instituted a tort suit in the Schoolcraft Circuit Court against Manistique Papers and other defendants, seeking damages for his injuries. The trial court, William F. Hood, J., allowed Michigan State Accident Fund to intervene as a plaintiff to protect its statutory lien against any recovery for workers' compensation benefits paid to plaintiff. The parties reached a structured settlement providing for payments to plaintiff with a reimbursement of benefits paid by Michigan State Accident Fund. The Second Injury Fund thereafter filed a motion to intervene in plaintiff's action, alleging that it possessed a statutory lien against plaintiff's settlement. The trial court granted the motion and entered an order providing the Second Injury Fund with a lien on plaintiff's settlement to the extent of disability benefits paid by it after May 8, 1984, and as to any future payment. Plaintiff appealed.

The Court of Appeals *held*:

The Second Injury Fund, as a result of an amendment to MCL 418.531; MSA 17.237(531), now possesses the right to seek reimbursement for workers' compensation benefits it paid to an injured worker out of any proceeds from a third-party tort

REFERENCECS

Am Jur 2d, Statutes §§ 347-355.

Am Jur 2d, Workmen's Compensation §§ 659-661.

Workmen's compensation: Attorney's fee or other expenses of litigation incurred by employee in action against third party tortfeasor as charge against employer's distributive share. 73 ALR3d 854.

See also the annotations in the Index to Annotations under Workers' Compensation.

action the worker may receive on or after May 8, 1984, regardless of the date of injury.
Affirmed.

1. STATUTES — PROSPECTIVITY — RETROSPECTIVITY.

Statutes are presumed to operate prospectively only, unless the Legislature has clearly expressed a contrary intent; an exception to this rule is recognized where a statute is considered remedial or procedural in nature.

2. WORKERS' COMPENSATION — SECOND INJURY FUND — THIRD-PARTY ACTIONS — REIMBURSEMENT.

The Second Injury Fund possesses a right to seek reimbursement for workers' compensation benefits it paid to an injured worker out of any proceeds from a third-party tort action the worker may receive on or after May 8, 1984, regardless of the date of injury (MCL 418.531[3], 418.827[5]; MSA 17.237[531][3], 17.237[827][5]).

*Chambers, Steiner, Mazur, Ornstein & Amlin, P.C.* (by *Darrell M. Amlin* and *Angela J. Nicita*), for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Eileen D. Zielsch* and *Ray W. Cardew, Jr.,* Assistant Attorneys General, for Michigan Second Injury Fund.

Amicus Curiae:

*Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C.* (by *Granner S. Ries*).

Before: BRONSON, P.J., and GRIBBS and M. E. CLEMENTS,* JJ.

PER CURIAM. Plaintiff, Michael Grogan, appeals as of right from an order of the Schoolcraft Circuit Court granting the Second Injury Fund's motion to intervene as a party plaintiff in an action plaintiff had filed against the defendants. The fund was

---

* Circuit judge, sitting on the Court of Appeals by assignment.

allowed to intervene in order to protect its statutory lien against plaintiff's tort recovery from the defendants for workers' compensation benefits paid.

Plaintiff's suit against the defendants arose out of a construction accident which occurred on October 1, 1980. Plaintiff was working on a construction project at Manistique Papers, Incorporated, when he fell from a scaffold. He sustained serious injuries and remains paralyzed from the waist down as a result of the fall.

After the accident, plaintiff began receiving workers' compensation benefits from his employer's insurer, the Michigan State Accident Fund. Since plaintiff was permanently disabled, the Second Injury Fund also voluntarily paid plaintiff total and permanent disability benefits beginning on January 1, 1981. See MCL 418.521; MSA 17.237(521). Plaintiff subsequently instituted a suit against the various defendants seeking tort recovery for his injuries. The Michigan State Accident Fund was allowed to join in plaintiff's suit against the defendants on October 6, 1983, to protect its statutory lien against any recovery for workers' compensation benefits paid to plaintiff as provided in MCL 418.827(1); MSA 17.237(827)(1). At a pretrial conference held in September of 1984, a structured settlement in the amount of $730,000 was agreed to between the plaintiff and the various defendants. The Michigan State Accident Fund received $106,000 as reimbursement for workers' compensation benefits it had paid to plaintiff.

On October 19, 1984, the Second Injury Fund filed a motion to intervene in the plaintiff's action, alleging that it possessed a lien against plaintiff's settlement pursuant to the recently amended MCL 418.531; MSA 17.237(531). Subsection 3 of the amended statute became effective on May 8, 1984,

prior to the settlement agreement in the present case, and provides that all funds, including the Second Injury Fund (fund), possess the right of reimbursement from any third-party recovery gained by a plaintiff to whom they have made compensation payments.

Following a hearing in the circuit court on February 15, 1985, the court granted the fund's motion to intervene. The order provided that the fund possessed a lien on plaintiff's settlement or judgment to the extent of disability payments made by it after May 8, 1984, and as to any future payments. On appeal, plaintiff argues that the trial court erred in allowing the fund to intervene and in granting it the right of reimbursement for compensation benefits paid after May 8, 1984, contending that to grant the fund such a right is an improper retroactive application of MCL 418.531(3); MSA 17.237(531)(3).

The Second Injury Fund claims a right to reimbursement for benefits paid plaintiff after May 8, 1984, pursuant to MCL 418.531(3); MSA 17.237(531)(3), which provides:

> All of the funds under this chapter shall have a right to commence an action and obtain recovery under section 827.

Section 827(5), MCL 418.827(5); MSA 17.237(827)(5), states in relevant part:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any

amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

Based on the May 8, 1984, amendment to § 531, the Second Injury Fund now possesses the rights described in § 827(5) and thus has the right to reimbursement for benefits paid to an injured worker out of any third-party tort recovery the worker may receive. Prior to the amendment, the fund was not entitled to reimbursement from any third-party tort recovery. *Mead v Peterson-King Co,* 24 Mich App 530, 538; 180 NW2d 304 (1970), lv den 384 Mich 832 (1971). In this case, based on § 531(3), the Second Injury Fund seeks reimbursement for the amount of benefits paid to the plaintiff *after* enactment of the amendment. However, plaintiff contends that the fund is not entitled to any reimbursement because his injury and commencement of his suit against the defendants occurred prior to the effective date of the amendment, and that the statute may not be applied retrospectively.

As a matter of statutory construction, statutes are presumed to operate prospectively only, unless the Legislature has clearly expressed a contrary intent. *Selk v Detroit Plastic Products,* 419 Mich 1, 9; 345 NW2d 184 (1984). An exception to this rule is recognized where a statute is considered remedial or procedural in nature. *Hansen-Snyder Co v General Motors Corp,* 371 Mich 480; 124 NW2d 286 (1963). "[S]tatutes which operate in furtherance of a remedy or mode of procedure and which neither create new rights nor destroy, enlarge, or diminish existing rights are generally held to operate retrospectively unless a contrary legislative intention is

manifested." *Franks v White Pine Copper Div, Copper Range Co,* 422 Mich 636, 672; 375 NW2d 715 (1985).

In *Shoup v Johns-Manville Sales Corp,* 142 Mich App 189; 369 NW2d 470 (1985), this Court was previously asked to determine whether the amendment to § 531, MCL 418.531(3); MSA 17.237(531)(3), should be construed prospectively or retrospectively. The Court determined that the right to reimbursement granted in § 531(3) is more than a mere change in remedy or procedure. *Shoup, supra,* p 195. Rather, the Court reasoned that the amendment to the statute created a new right to seek money to which the fund was not previously entitled. *Id.* Therefore, the Court concluded that the statute should be given prospective effect only. We agree with the conclusion in *Shoup* that the amendment to § 531 should only be applied prospectively.

However, merely stating that § 531(3) must be applied prospectively does not resolve the controversy in this case. The fund argues that since it seeks reimbursement only for benefits paid after May 8, 1984, the statute is in fact being applied prospectively. Plaintiff disagrees and asserts that burdening him with any obligation to repay benefits constitutes a retroactive application of the statute, because his injury occurred before the amendment was passed.

In *Franks, supra,* our Supreme Court recently determined that the coordination of benefits provisions contained in MCL 418.354; MSA 17.237(354) could be applied to offset workers' compensation liability to workers whose injuries predated the provision's effective date, provided recovery was limited to periods of disability *after* the effective date of the statute. *Franks, supra,* p 664. Thus, the Court in *Franks* determined that the date that the

benefits were paid triggered the coordination provision regardless of the date of the injury. The Court further noted that merely because some of the requisites for a statute's application are drawn from a time antedating its passage does not mean a statute is operating retrospectively. *Franks, supra,* p 669; *Hughes v Judges' Retirement Board,* 407 Mich 75, 86; 282 NW2d 160 (1979). Therefore, in this case, although the injury which resulted in a $730,000 recovery against the defendants occurred prior to May 8, 1984, granting the fund a right of reimbursement in that recovery is not necessarily retrospective application of the statute.

The pertinent inquiry that must be made in the present case is what event or circumstances triggers the application of MCL 418.531(3); MSA 17.237(531)(3). Plaintiff contends that the date of the injury is the crucial event, while the fund asserts recovery from the third party triggers the application of the statute. After considering the arguments made by parties to this case, we find the argument made by the Second Injury Fund to be persuasive.

Although the Legislature made the statute effective immediately on May 8, 1984, it did not clearly express what event was required to occur after the effective date in order to trigger application. We believe that when read in conjunction with subsection (5) of MCL 418.827; MSA 17.237(827), it appears that *recovery* against a third party triggers application of the statute. While it is true that it is the injury which allows an injured worker to recover workers' compensation benefits, under § 827(5) it is not until recovery is obtained from a third party that the Second Injury Fund has a right to reimbursement. The statute does not limit its application only to cases where workers' compensation payments are made to an employee for

an injury sustained after the effective date of the statute, nor does it contain language indicating that it should not be applied when payments were made for an injury that occurred prior to the effective date. The Legislature's failure to include such language leaves § 531 generally applicable to any recovery a plaintiff gains after the effective date, regardless of when his injury occurred.

Further, to apply § 531(3) to any third-party recovery gained after May 8, 1984, regardless of when the underlying injury occurred is also in accord with the primary purpose of § 827, to reimburse the workers' compensation insurance carrier and prevent double recovery by an injured plaintiff. However, to avoid disturbing judgments long since considered final, we limit the fund's right to reimbursement to situations, like the present case, where the plaintiff has gained his third-party recovery after § 531(3) became effective. Therefore, we conclude that the trial court did not err in allowing the Second Injury Fund to intervene as a plaintiff and in ruling that the fund was entitled to a lien upon plaintiff's recovery for the amount of disability payments made on or after May 8, 1984.

Affirmed.