**Frank LoPICCOLO; Marion LoPiccolo, Plaintiffs-Appellees,**

v.

**SECOND INJURY FUND OF STATE OF MICHIGAN, Intervening Plaintiff-Appellant,**

v.

**CONSOLIDATED RAIL CORP., et al., Defendants.**

No. 85–1270.

United States Court of Appeals, Sixth Circuit.

Argued March 6, 1986.

Decided Sept. 1, 1987.

Rehearing Denied Oct. 27, 1987.

---

Joseph M. Binno, argued, Detroit, Mich., Ray W. Cardew, Jr., for intervening plaintiff-appellant.

. Granner S. Ries, Detroit, Mich., for plaintiffs-appellees.

CORNELIA G. KENNEDY, Circuit Judge.

The Second Injury Fund ("the Fund") appeals the denial of its motion to intervene as of right under Fed.R.Civ.P. 24(a)(2) to assert a statutory lien against any recovery plaintiff LoPiccolo receives in this lawsuit against three third-party defendants for work-related injuries.

The District Court held that a 1984 amendment permitting the Fund to seek reimbursement of compensation benefits paid by the Fund where the employee recovers damages from a third-party tortfeasor did not apply where the employee's injury occurred before the amendment. We reverse in light of decisions by Michigan courts rendered subsequent to the District Court's decision.

LoPiccolo was injured while unloading a railroad car at his place of employment, Safran Printing Co., in February of 1981. In November of that year, plaintiff and his wife filed suit against the three defendants, as authorized by Mich.Comp.Laws § 418.827, which permits an injured employee to receive compensation from his employer and also sue a third party responsible for the employee's injury. The defendants removed the suit to federal court. In 1982, plaintiff filed a petition with the Michigan Bureau of Workmen's Disability Compensation against his employer and the Fund alleging he was "totally and permanently disabled" and therefore entitled to employer and differential benefits under Mich.Comp.Laws § 418.521(2).[1] In 1984 the petition was dismissed when the employer and the Fund agreed to begin payments. The Fund paid $14,110 in accrued differential payments to plaintiff in Novem-

---

1. This section requires the Fund to pay a person totally and permanently disabled the differential between the weekly benefits payable at the time he was injured and the increased benefits currently provided by the Worker's Disability Compensation Act.

ber of 1984 and continues to pay weekly differential benefits of $159.40.[2]

In May of 1984 the Michigan legislature amended the law concerning the Fund to include it under section 418.827, which allows employers and their insurers, and now the Fund to seek reimbursement of compensation benefits paid where the employee recovers damages from a third-party tortfeasor for his personal injury. *See* Mich. Comp.Laws § 418.531(3). In January of 1985 the Fund filed a motion to intervene in LoPiccolo's lawsuit pending in United States District Court for the Eastern District of Michigan against the third-party defendants. The District Court denied the motion on the ground that the controlling law is that which was in effect at the time the right to compensation arose, in this case the time of the injury.[3] App. 93–95. The Fund appeals.

To intervene under Fed.R.Civ.P. 24(a)(2), the Fund must have an interest in the outcome of the lawsuit. *Triax Co. v. TRW, Inc.,* 724 F.2d 1224, 1227 (6th Cir.1984). If the 1984 amendment applies to the instant case, the Fund has such an interest. The precise question is whether the statute covers benefits accrued and paid after the amendment's effective date even though the injury occurred before that date, that is to say, has the Fund a right to intervene as a party plaintiff in LoPiccolo's suit against the third-party defendants when the injury occurred before the 1984 amendment but the Fund made and continues to make payment after the enactment of Mich.Comp. Laws § 418.531(3).[4]

At the time the District Court denied intervention, the law of Michigan with respect to the effective date for application of amendments to the Worker's Disability Compensation Act to benefits payable for injuries suffered before such amendment was unsettled. *Selk v. Detroit Plastic Prods.,* 419 Mich. 1, 345 N.W.2d 184 (1984); *Selk v. Detroit Plastic Prods.,* 419 Mich. 32, 348 N.W.2d 652 (1984) (on resubmission) (increase in interest rate on unpaid benefits applies to all payments made after date of amendment regardless of when injury occurred); *Kidd v. General Motors Corp.,* 414 Mich. 578, 327 N.W.2d 265 (1982) (law at time of injury determinative of compensation due); *Tarnow v. Railway Express Agency,* 331 Mich. 558, 50 N.W.2d 318 (1951) (1943 amendment did not bar a petition for further compensation for injuries incurred prior to the amendment); *Thomas v. Continental Motors Corp.,* 315 Mich. 27, 23 N.W.2d 191 (1946) (same); *Shoup v. Johns-Manville Sales Corp.,* 142 Mich.App. 189, 369 N.W.2d 470 (1985) (injury and award both before amendment, Dust Fund had no right to reimbursement); *Travelers Ins. Co. v. S & H Tire Co.,* 134 Mich.App. 214, 351 N.W.2d 279 (1984) (date of award and not date of injury controls when determining statute of limitations in carrier's cause of action).

---

**2.** The Michigan Supreme Court used the following language to describe the Second Injury Fund:

The Second Injury Fund is a *state* insurance fund created by the Legislature to insure carriers and self-insured employers against certain losses occurring due to worker's compensation claims. MCLA 418.501 *et seq.;* MSA 17.237(501) *et seq.* See also *Copperweld Steel Co. v. Industrial Commission,* 143 Ohio St. 591; 56 N.E.2d 154 (1944).... [T]he carriers and self-insured employers pay annual assessments to the fund. Once paid, these assessments become state or public moneys. Like any insurance scheme, the Second Injury Fund spreads the risk of worker's compensation among all the self-insured employers and carriers.

*McAvoy v. H.B. Sherman Co.,* 401 Mich. 419, 450, 258 N.W.2d 414, 429 (1977). In addition to differential benefits the Fund pays benefits when an insurer becomes insolvent as well as in certain other circumstances.

**3.** The District Court stated that Mich.Comp. Laws § 418.531 "appears to relate only to people injured with silicosis dust disease and for logging industry compensation," App. 93, but said the court need not address that issue in light of its ruling. However, § 531(3) provides in its entirety that "[a]ll of the funds under this chapter shall have a right to commence an action and obtain recovery under section 827." The Second Injury Fund is clearly one of the "funds" under Chapter 5, Funds.

**4.** On April 7, 1986 this Court certified this question to the Michigan Supreme Court which declined the request April 1, 1987. Three Justices would have answered the certified question. A motion for reconsideration filed by plaintiff was denied June 26, 1987.

*Franks v. White Pine Copper Division,* 422 Mich. 636, 375 N.W.2d 715 (1985), decided after plaintiff's appeal was filed has resolved the uncertainty and requires reversal of the District Court's order. Reversing its Court of Appeals, the Michigan Supreme Court held in *Franks* that an amendment to the workers' compensation laws effective March 31, 1982 was applicable to benefits payable and attributable to periods after the effective date of the amendment regardless of when the injury occurred. It is clear from the thrust of the opinion that the Supreme Court would hold in favor of the Fund in this case.

The court began its analysis by deciding that the amendment in that case was unambiguous in requiring coordination of workers' compensation and other specified benefits from the time of its effective date, regardless of when the injury occurred. The effect of the coordination was to reduce the workers' compensation benefits. *Id.* 422 Mich. at 651, 375 N.W.2d 715. The court cited the lack of limiting language in the section as evidence that the legislature did not intend to require coordination as to certain, i.e., future, injuries only. *Id.* 422 Mich. at 651–52, 375 N.W.2d 715. The amendment in the instant case, section 531, is similarly "unambiguous," as that term is used by the Michigan court. The amendment merely states that the funds "shall have a right to commence an action and obtain recovery under section 827." Section 531 was to take effect immediately.

The Michigan Supreme Court held that its ruling in *Franks* did not give retroactive effect to the statute. The court stated that "[w]hile [the section] may in some cases involve an antecedent event, such as an injury incurred prior to its effective date, by its clear language it operates only with regard to payments received *and* attributable to periods after its effective date." *Id.* 422 Mich. at 653, 375 N.W.2d 715. The court later quoted *Hughes v. Judges' Retirement Board,* 407 Mich. 75, 282 N.W.2d 160 (1979) to add that " '[m]erely because some of the requisites for its application are drawn from a time antedating its passage [, a law is not] retrospective.' " *Franks,* 422 Mich. at 669, 375 N.W.2d 715. The court went on to hold that workers' compensation benefits that accrued prior to the effective date of the amendment but were not yet paid were not subject to coordination. *Id.*

■ In *Grogan v. Manistique Papers, Inc.,* 154 Mich.App. 454, 397 N.W.2d 825 (1986), the Court of Appeals applied *Franks* to a Second Injury Fund claim for reimbursement for benefits paid after May 8, 1984 pursuant to Mich.Comp.Laws § 418.531(3). We believe the Michigan Court of Appeals correctly read *Franks* and that the Michigan Supreme Court would hold that the Fund is entitled to reimbursement of benefits accrued and paid after the effective date of the statute even though the injury to the plaintiff occurred before its amendment.

■ Plaintiff also argues that to construe the amendment to permit reimbursement where the injury occurred before its enactment raises a constitutional issue. We disagree. The supplemental benefits here are created by statute. There is nothing to prevent the legislature from withdrawing them, or modifying them. The Michigan Supreme Court has "consistently emphasized that workers' compensation is a matter of statutory grace. *Rookledge v. Garwood,* [340 Mich. 444, 453, 65 N.W.2d 785, 791 (1954) ]; *Wilson v. Doehler-Jarvis,* [358 Mich. 510, 100 N.W.2d 226 (1960) ]; *Solakis v. Roberts,* 395 Mich. 13, 233 N.W.2d 1 (1975)." *Selk,* 419 Mich. at 11, 345 N.W.2d at 188 (1984).

Here all payments of benefits were made after enactment of the amendment. To the extent the benefits had not accrued prior to May 8, 1984, nothing prevented the state from conditioning their payment by the Fund's right to seek reimbursement.

Accordingly, the judgment of the District Court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.