SZYMCZAK v HOLLAND COMMUNITY HOSPITAL

PELAEZ v HAVEN-BUSCH COMPANY

Docket Nos. 119649, 120985. Submitted November 13, 1990, at Grand Rapids. Decided January 22, 1991, at 9:45 A.M.

Pamela Szymczak, an employee of Holland Community Hospital certified as vocationally handicapped before July 30, 1985, sustained a work-related injury on July 14, 1984, and was awarded workers' compensation. Likewise, Alberto Pelaez, an employee of Haven-Busch Company certified as vocationally handicapped before July 30, 1985, sustained a work-related injury on January 31, 1986, and also was awarded workers' compensation. Effective July 30, 1985, 1985 PA 103 amended § 921 of the Workers' Disability Compensation Act to reduce the period after the date of injury for which an employer is liable to pay workers' compensation benefits to a vocationally handicapped employee from 104 weeks to 52 weeks. In each case, the magistrate determined that the employer was to be reimbursed for benefits paid after July 30, 1985, which exceeded the fifty-two week limit. The Workers' Compensation Appellate Commission affirmed, concluding that the magistrate's application of the amendment was prospective and, therefore, proper. The Second Injury Fund appealed by leave granted, asserting that the amendment was improperly applied retroactively in violation of US Const, art I, § 10; Const 1963, art 1, § 10.

The Court of Appeals consolidated the appeals and *held:*

1. The amendment was not applied retroactively in these cases. Rather, because it was applied only to payments accruing after its July 30, 1985, effective date, the application was prospective, even though antecedent events were involved.

2. The amendment as applied did not violate the Contract Clause of the United States or the Michigan Constitutions.

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 7, 8, 18, 34-36, 382.

See the Index to Annotations under Disabled Persons; Retrospective Operation and Laws; Vocational Training; Workers' Compensation.

Benefits and liabilities arising out of the workers' compensation act do not create rights protected by the Contract Clause.
Affirmed.

WORKERS' COMPENSATION — VOCATIONALLY HANDICAPPED EMPLOYEES — EMPLOYERS' LIABILITY.

Payment of workers' compensation benefits to an employee certified as vocationally handicapped made after July 30, 1985, may not exceed fifty-two weeks from the date of injury even though the date of certification or the date of injury occurred before that date (MCL 418.921; MSA 17.237[921], as amended by 1985 PA 103).

*Lacey & Jones* (by *Laurel A. Stuart*), for Holland Community Hospital.

*Cholette, Perkins & Buchanan* (by *Kenneth L. Block*), for Haven-Busch Company and Liberty Mutual Insurance Company.

*Frank J. Kelley,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Glenn W. House, Jr.,* Special Assistant Attorney General, for Second Injury Fund.

Before: MICHAEL J. KELLY, P.J., and GRIBBS and SHEPHERD, JJ.

MICHAEL J. KELLY, P.J. These consolidated appeals involve the application of 1985 PA 103, which, effective July 30, 1985, reduced from 104 to 52 the number of weeks of employer liability for disability benefits paid to a vocationally handicapped employee.

MCL 418.921; MSA 17.237(921) states, in part, that a person certified as vocationally handicapped shall be compensated for a personal injury arising out of and in the course of employment and resulting in death or disability. However, § 921 also limits the period of employer liability. The statute was amended by 1985 PA 103 to reduce the period

of liability from 104 to 52 weeks. The amendment was made immediately effective July 30, 1985.

The plaintiffs in these cases were hired by their respective employers and became certified as vocationally handicapped before the July 30, 1985, amendment of § 921. Plaintiff Szymczak became disabled because of a work-related injury which occurred on July 14, 1984, while plaintiff Pelaez's disabling injury occurred on January 31, 1986. The magistrate in each case awarded benefits, but determined that the employers were to be reimbursed for payments exceeding the fifty-two week limit which were made after July 30, 1985. The Workers' Compensation Appellate Commission affirmed in both cases, concluding that the magistrate's application of the amendment was prospective and, therefore, proper. The Second Injury Fund appeals by leave granted, claiming that the commission improperly applied the amendment retroactively and that the amendment as applied violates the Contract Clause, US Const, art I, § 10; Const 1963, art 1, § 10.

The fund first asserts that the statute was in fact applied retroactively because it imposed a new obligation on the fund with respect to transactions and considerations already passed. An argument similar to this was asserted in *Grogan v Manistique Papers, Inc,* 154 Mich App 454; 397 NW2d 825 (1986). In that case the Second Injury Fund sought reimbursement from the plaintiff for benefits paid after the effective date of an amendment of MCL 418.531; MSA 17.237(531). The amended statute permitted the fund to obtain reimbursement from an injured employee's third-party recovery. There, the plaintiff was injured prior to the amendment's effective date, but secured a third-party settlement after the amendment became effective. It was the plaintiff's position that any

obligation placed on him to repay benefits would be a retroactive application of the statute because his injury occurred before the amendment became effective. This Court rejected the plaintiff's position, noting that merely because some of the requisites for a statute's application are drawn from the time antedating its passage does not mean the statute is operating retrospectively. *Id.,* p 460, citing *Franks v White Pine Copper Division, Copper Range Co,* 422 Mich 636; 375 NW2d 715 (1985), and *Hughes v Judges' Retirement Bd,* 407 Mich 75; 282 NW2d 116 (1979). The *Grogan* Court concluded that the fund's right to reimbursement could be prospectively applied to recoveries occurring after the effective date of the amendment regardless of the date of injury.

In *Franks, supra,* pp 652-653, the Supreme Court held that while the application of the coordination of benefits provision, MCL 418.354; MSA 17.237(354), may involve an antecedent event, such as an injury occurring before the effective date of the amendatory act, the coordination of benefits as applied to payments for periods after the amendment date constituted a prospective application of the statute. See also *Hughes, supra,* p 86; *Clark v Chrysler Corp,* 377 Mich 140, 147-148; 139 NW2d 714 (1966).

Here, the application of § 921 may include some antecedent events, but the statute was applied only to disability payments accruing after July 30, 1985. The fund's liability increased only after the effective date of the amendatory act. We therefore find that the amendment was not applied retroactively.

We next turn to the fund's argument that the amendment as applied violates the Contract Clause, US Const, art I, § 10; Mich Const 1963, art 1, § 10. The fund asserts that any legislative

amendment changing the fund's responsibility for reimbursement is an unconstitutional infringement upon existing vested rights. However, the Supreme Court has repeatedly held that benefits and liabilities arising out of the workers' compensation statute do not create rights protected by the Contract Clause. *Romein v General Motors Corp,* 436 Mich 515, 533; 462 NW2d 555 (1990); *Selk v Detroit Plastic Products,* 419 Mich 1, 12; 345 NW2d 184 (1984); *Lahti v Fosterling,* 357 Mich 578; 99 NW2d 490 (1959).

Affirmed.