Argued and submitted September 9, 1988, reversed and remanded to referee
February 8, reconsideration denied April 28, petition for review allowed
May 16, 1989 (308 Or 33)

In the Matter of the Compensation of
William Albrecht, Claimant.

TRI-MET, INC.,
*Petitioner,*

*v.*

ALBRECHT,
*Respondent.*

(WCB 86-02160; CA A46942)

768 P2d 421

Kenneth L. Kleinsmith, Portland, argued the cause for petitioner. On the brief were Pamela A. Schultz and Meyers & Terrall, Portland.

Merrill Schneider, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

In this workers' compensation case, claimant sought a hearing on a determination order, contending that he was entitled to a greater award of permanent partial disability. Employer also sought a hearing, requesting a reduction in the permanent disability award. Before the hearing, employer requested two independent medical examinations. Claimant's attorney notified employer that she intended to be present at the examinations. After learning that, both doctors refused to conduct the examinations. They believed that the presence of a third party would impair their objectivity. Additionally, both were concerned that the presence of the attorney would influence claimant's behavior, especially in view of the fact that the attorney is a woman. One was concerned that he would be forced into the role of "advocate."

The Board, in affirming the referee, denied employer's motion to suspend the hearing until claimant agreed to attend the examinations without the presence of his attorney. It affirmed the determination order, neither increasing nor decreasing the award.

Employer seeks review, contending that, by insisting on the presence of his attorney, claimant "obstructed" the examinations, ORS 656.325(1), and, additionally, that the Board has deprived employer of the opportunity to develop a complete record. Employer seeks remand for that purpose.

In cases subject to the Oregon Rules of Civil Procedure, the rule appears to be that it is for the trial court to decide the conditions under which a physical medical examination is to take place. ORCP 44A. Presumably, that would include the power to determine who may be present at the examination. Our review, as of other issues related to the trial court's supervision over discovery, would be for abuse of discretion.

There are several reasons why, even in the context of civil discovery, the presence of an attorney at a medical examination is not favored. *See Pemberton v. Bennett,* 234 Or 285, 288, 381 P2d 705 (1963). It could tend to prolong the examination and create other than a neutral setting for what is supposed to be an objective evaluation. We agree with employer that those considerations apply with at least as great force in

the workers' compensation context, where one objective is to minimize expense and delay. *See Bigby v. Pelican Bay Lbr. Co.,* 173 Or 682, 692, 147 P2d 199 (1944). That goal would not be furthered by permitting the presence of an attorney at an independent medical examination, which would only serve to threaten the objective environment and which could lead to obstruction of the examination. Although there may be circumstances that would justify the presence of an attorney at the examination, the record must articulate what those circumstances are. Here, as the Board found, there is nothing to suggest a basis for permitting an attorney to be present. We conclude, therefore, that the Board had no basis for exercising its discretion to allow an attorney to be present. In doing so, it erred. Employer is entitled to an independent examination of claimant without the presence of his attorney.

Reversed and remanded to the referee.