Argued and submitted June 14, the decision of the Court of Appeals reversed and decision of the Workers' Compensation Board reinstated August 1, 1989

In the Matter of the Compensation of
William M. Albrecht, Claimant.

TRI-MET, INC.,
*Respondent on Review,*

*v.*

ALBRECHT,
*Petitioner on Review.*

(WCB 86-02160; CA A46942; SC S36036)

777 P2d 959

Merrill Schneider, Portland, argued the cause and filed the petition for petitioner on review.

Scott H. Terrall, Portland, argued the cause for respondent on review. On the response to the petition for review was Eric R. Miller, Portland.

Arthur C. Johnson and Douglas G. Schaller, of Johnson, Clifton, Larson & Bolin, Eugene, filed a brief *amicus curiae* on behalf of the Oregon Trial Lawyers Association.

Thomas Michael Cooney and Connie K. Elkins, of Cooney, Moscato & Crew, P.C., Portland, filed a brief *amicus curiae* on behalf of the Oregon Medical Association.

Jerald P. Keene, of Roberts, Reinisch & Klor, P.C., Portland, filed a brief *amicus curiae* on behalf of the Association of Workers' Compensation Defense Attorneys, Associated Oregon Industries, and Oregon Self-Insurers Association.

LINDE, J.

## LINDE, J.

The Workers' Compensation Law requires that a claimant submit to a requested medical examination and that the claimant's rights to compensation may be suspended if the claimant refuses to submit to or obstructs the medical examination. ORS 656.325(1). In the present dispute over the extent of claimant's permanent partial disability, claimant consented to an examination by designated physicians but insisted on the presence of his lawyer at the examination. The physicians refused to examine claimant with the lawyer present, and claimant's employer asserted that claimant's demand constituted an obstruction of the examination requiring suspension of his rights to compensation. The referee rejected the employer's objection and made an award, and the Workers' Compensation Board affirmed. The Court of Appeals reversed the award and remanded the claim to the referee, holding that it was an abuse of discretion to allow claimant's demand for his lawyer's presence at a medical examination. *Tri-Met, Inc. v. Albrecht,* 95 Or App 155, 768 P2d 421 (1989). We reverse the decision of the Court of Appeals and reinstate the board's award.

ORS 656.325(1)(a) provides:

"Any worker entitled to receive compensation under ORS 656.001 to 656.794 is required, if requested by the director, the insurer or self-insured employer, to submit to a medical examination at a time and from time to time at a place reasonably convenient for the worker and as may be provided by the rules of the director. However, no more than three examinations may be requested except after notification to and authorization by the director. If the worker refuses to submit to any such examination, or obstructs the same, the rights of the worker to compensation shall be suspended with the consent of the director until the examination has taken place, and no compensation shall be payable during or for account of such period."[1]

_____

[1] Because neither party's brief, petition, or response quoted the statute, we once again draw counsels' attention to ORAP 7.24:

"If an appeal involves an ordinance, charter, statute, constitutional provision, regulation or administrative rule, so much of the provision as relevant shall be set forth verbatim with proper citation. If lengthy, such matter should be appended or footnoted and need not be set out verbatim if it appears in another brief in the case and is cross-referenced appropriately."

The Court of Appeals omitted any reference to its scope of review of the Workers' Compensation Board's decision. Instead, the court analogized the case to a civil action governed by ORCP 44A.[2] The court expressed its reasons why the presence of an attorney at a medical examination might affect the "neutral setting" and the "objective environment" of an independent medical examination and why these reasons should apply in workers' compensation cases. One of the briefs *amicus curiae* informs us that we are being invited "to participate in a feud." If so, we are grateful, as the Court of Appeals should have been, that what the brief describes as "the newest pitched battle" in the feud is not properly fought on our turf.

The Workers' Compensation Board is not a court; it is an administrative agency whose orders deciding claims the Court of Appeals reviews pursuant to the Administrative Procedure Act, ORS 183.482.[3] *See* ORS 656.298. The same *amicus*

---

[2] Under ORCP 44A, the trial court decides the conditions under which a medical examination is to take place. The rule provides:

"When the mental or physical condition or the blood relationship of a party, or of an agent, employee, or person in the custody or under the legal control of a party (including the spouse of a party in an action to recover for injury to the spouse), is in controversy, the court may order the party to submit to a physical or mental examination by a physician or to produce for examination the person in such party's custody or legal control. The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made."

[3] ORS 183.482(8) provides:

"(a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record. Substantial evidence exists to support a finding of fact when the record, viewed as a whole, would permit a reasonable person to make that finding."

also points out that independent medical examinations can and sometimes do arise before any occasion for a hearing on a claim. An administrative rule, contemplated by ORS 656.325(1), may provide how that examination is to be conducted. *See* OAR 436-60-090 *et seq.* In the absence of a valid rule, whether a worker "refuses to submit to any such examination" or "obstructs the same" so as to justify suspension of compensation are questions to be decided in the course of claims in which an employer or insurer or the director raises this issue.

We see no basis to hold that the board errs as a matter of law if it finds that a worker did not obstruct an independent medical examination by demanding to take along his lawyer. Nor do we see the board's decision as an exercise of agency "discretion." ORS 656.325(1) leaves the director discretion whether to consent to a suspension of compensation, but the board's decision whether a refusal has occurred is not an exercise of "discretion." The worker's conduct may or may not be a refusal to submit to or an obstruction of the examination depending on the nature of the examination, the intended conduct of counsel, and other circumstances, again assuming no failure to comply with a valid rule. The board may find the same insistence on the presence of a lawyer obstructive in one examination (perhaps, for instance, an examination depending on tests to be taken by the worker in silence and concentration) and not in another (for instance, the observation of technological examinations such as x-rays or blood tests). Unless defined by rules, refusal or obstruction is a finding of fact to be made on the evidentiary record and to be reviewed for substantial evidence. ORS 183.482(8)(c). In short, the forum for the "feud" is either the director or the Workers' Compensation Board, if not the legislature. The Court of Appeals erred in substituting its judgment for that of the board.

Here the employer asserted that the claimant "obstructed" the examination solely on the objections of the selected physician to conduct the examination in the presence of claimant's lawyer. The physician gave this explanation:

"A. It is a very simple thing. It is a medical examination. My position isn't — is not that of an advocate. I'm a physician. My purpose is to take a history under the best circumstances...

The minute an attorney enters the examination, it becomes an advocate situation."

In rejecting the employer's assertion of obstruction by claimant, the referee stated:

"I do not find much merit in the objections raised by the proposed examiners in this matter. * * * Claimant's attorney has agreed to do nothing more than observe. The examiners' suggestion that an attorney's mere presence would taint the examination is patently absurd and only bolsters concerns over examiner objectivity."

We take this to be a finding that the employer had not shown obstruction in fact, a finding that has adequate support in the record.

The decision of the Court of Appeals is reversed, and the decision of the Workers' Compensation Board is reinstated.