FELD v ROBERT & CHARLES BEAUTY SALON

Docket No. 85392. Argued March 6, 1990 (Calendar No. 5). Decided
July 30, 1990.

Sylvia Feld applied for workers' compensation benefits as a result
of injuries received in the course of her employment with
Robert & Charles Beauty Salon. Thereafter, pursuant to MCL
418.385; MSA 17.237(385), the employer and its insurer, Twin
City Fire Insurance Company, requested the plaintiff to submit
to a physical examination conducted by a physician of their
choice. The plaintiff refused to appear unless accompanied by
her attorney. A hearing referee granted the defendants' motion
to suspend benefits until the plaintiff submitted to the examina-
tion and held that under § 385 the plaintiff's attorney had no
right to be present at such an examination. The Workers'
Compensation Appeal Board affirmed. The Court of Appeals
initially denied leave to appeal for lack of jurisdiction because
no final order had been entered (Docket No. 90983). After
remand, a hearing referee again dismissed the plaintiff's peti-
tion for a hearing because her attorney would not permit her to
be examined without his attendance, and the WCAB again
affirmed. The Court of Appeals, GRIBBS, P.J., and SHEPHERD and
J. R. COOPER, JJ., reversed the decision of the WCAB, holding
that the plaintiff had the right to have her attorney present at
the medical examination and that the attorney was permitted
to make unobtrusive audio recordings of the examination
(Docket No. 97505). The defendants appeal.

In an opinion by Chief Justice RILEY, joined by Justices
BRICKLEY and GRIFFIN, and an opinion by Justice BOYLE, the
Supreme Court held:

An employee does not have the right to have counsel present
during a physical examination requested by an employer or its
insurance carrier pursuant to MCL 418.385; MSA 17.237(385).

Chief Justice RILEY, joined by Justices BRICKLEY and GRIFFIN,
stated:

The scope and aim of § 385 of the Workers' Disability Com-
pensation Act and § 1445(1) of the Revised Judicature Act are
distinct and unconnected and should not be read in pari mate-
ria. Section 1445(1) would apply in a workers' compensation
proceeding where a medical examination is ordered by the

Bureau of Workers' Disability Compensation pursuant to § 865. Under § 1445(1), it is not enough that there be a request for a medical examination in a proceeding before a public body; the examination must be ordered by a public body or officer. The fact that both § 385 and § 1445(1) refer to medical examinations at best is incidental. Thus, the provision for attorney presence under § 1445(1) is inapplicable to a medical examination request made pursuant to § 385.

The maxim, the expression of one thing in a statute excludes another, as well as the fundamental rule of construction that every word in a statute should be given meaning and no word should be treated as surplusage if at all possible, applies to § 385. Section 385 of the Workers' Disability Compensation Act grants an employer or its carrier the authority to have a physician of its choice conduct a medical examination of an employee, and clearly and unambiguously permits the employee to have a personal physician provided and paid for by the employee present at the examination. However, § 385 equally clearly does not provide the employee with the right to have counsel present at the examination. To extend the effect of § 385 beyond the language of the statute because the presence of an attorney is not expressly prohibited would neutralize the effect of the express prescription permitting the presence of a personal physician, rendering it nothing more than surplusage. In addition it would breach the rules of statutory construction, as well as the summary spirit of the act.

While the WDCA is remedial in character and should be applied liberally in favor of an injured employee, reasonable limitations should be placed upon the rule of liberal construction so as not to evade the plain intent or to deny the clear mandate of the statute. Nor should the operation of the law be stretched by an extravagant principle of inclusion. Where the language used is so plain as to leave no room for construction, the Court should not read into the enactment words that are not found either by express inclusion or by fair implication.

Because the plaintiff refused to submit herself for the physical examination required by § 385, the defendants' ability to defend the case was seriously compromised as to any medical issues.

Justice BOYLE, concurring, agreed that there is no right to have an attorney present at a physical examination requested by an employer or its carrier under MCL 418.385; MSA 17.237(385). Where the Legislature has declined to provide the right to an attorney at a § 385 physical examination, such a right may not be created by judicial action, no matter how well

justified. Even if such a right is not provided, however, a hearing referee may exercise discretion and order an attorney's presence where good cause is shown. The bureau is uniquely qualified to judge both the need for relief and the most appropriate means to deal with each situation as it arises within the statutory scheme.

Reversed.

Justice CAVANAGH, joined by Justices LEVIN and ARCHER, dissenting, stated that § 385 does not deny an employee the right to the presence of a person other than a personal physician at a medical examination, nor does it deny an employee the right to insist that an examination be subject to reasonable conditions. It only prohibits an employee from refusing to submit to or in any way obstructing the examination. The record in this case does not support the majority's assumption that the presence of the plaintiff's attorney would obstruct the examination in any way. However, if an employer can demonstrate that demands by a particular employee would result in some obstruction of an examination, relief is available under § 385.

The Legislature could not have intended to authorize the severe sanction of forfeiture of an employee's right to compensation benefits whenever the employee, under § 385, insists upon the presence of an attorney, a person other than a personal physician, or a tape recorder at a medical examination.

174 Mich App 309; 435 NW2d 474 (1989) reversed.

*Thomas F. Brill* for the plaintiff.

*Fitzgerald, Cox & Hodgman* (by *Marsha M. Woods*) for the defendants.

Amici Curiae:

*Mark Granzotto, Monica Linkner,* and *Charles P. Burbach* for Michigan Trial Lawyers Association.

*McGinty, Brown, Jakubiak, Frankland, Hitch &*

*Henderson, P.C.* (by *Kenneth P. Frankland*), for American Insurance Association.

RILEY, C.J. We granted leave to appeal in this case to decide whether an employee has the right to have counsel present at a physical examination requested by an employer or its insurance carrier pursuant to § 385[1] of the Workers' Disability Compensation Act,[2] and if so, whether counsel may make an audio recording of the examination.

MCL 418.385; MSA 17.237(385) provides that "[t]he employee shall have the right to have a physician provided and paid for by himself or herself present at the examination." However, § 385 is silent as to whether an employee has the right to have an attorney present during the examination. We reject the argument that § 385 should be read in pari materia with MCL 600.1445(1); MSA 27A.1445(1), and apply the rule of statutory construction, *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another. We find that an employee may only be accompanied by a personal physician during a physical examination requested by the employer or its insurance carrier. To hold otherwise would render as surplusage the above-quoted sentence from § 385 which expressly prescribes that the employee has the right to have a physician present. Therefore, we hold that § 385 does not grant an employee the right to have counsel present during a physical examination requested by an employer, or its insurance carrier. In so doing, we find as moot the second issue regarding

---

[1] MCL 418.385; MSA 17.237(385).
[2] MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

audio recordings.[3] Accordingly, we reverse the decision of the Court of Appeals.

## I. FACTS AND PROCEEDINGS

On August 14, 1982, the plaintiff, Sylvia Feld, was injured in a work-related accident. Three days later, she filed an application for workers' compensation benefits, alleging a twisted neck and a sprain to the upper back, neck, and right hand. She later amended the petition to include a torn ligament in her left knee.

Pursuant to MCL 418.385; MSA 17.237(385), the defendants, Robert & Charles Beauty Salon and its insurance carrier, requested that the plaintiff undergo a medical examination to be conducted by a physician of their choice. The plaintiff refused to appear for the examination unless she was accompanied by her attorney. On April 29, 1983, the hearing referee granted a motion for the defendants to suspend the payment of benefits until the plaintiff submitted herself for the medical examination. The referee held that "[p]laintiff's attorny [sic] has no right under the statute to be present at such examination." This decision was affirmed by the Workers' Compensation Appeal Board in its decision and order dated January 29, 1986.[4]

The plaintiff next filed an application for leave

[3] The order of this Court granting the application for leave to appeal provides in relevant part:

On order of the Court, the application for leave to appeal is considered, and it is granted limited to the issues (a) whether plaintiff's counsel has a right to be present at a physical examination requested by the employer or the carrier pursuant to MCL 418.385; MSA 17.237(385), and (b) if so, whether plaintiff's *counsel* may make an audio recording of the examination. [Emphasis added.]

[4] 1986 WCABO 43.

to appeal in the Court of Appeals. The Court dismissed the application for lack of jurisdiction, finding that no final order had been entered in the matter.[5] The case was ultimately remanded to the bureau for a full hearing on the merits of the claim. However, a full hearing never took place because the plaintiff persisted in her refusal to undergo the examination requested by the defendants unless her counsel was present.

For the second time, on November 5, 1986, the hearing referee dismissed the plaintiff's petition for a hearing "for the reason that plaintiff's attorney will not permit her to be examined without his attendance." With this decision, the referee added that "[t]his dismissal will permit plaintiff's attorney to appeal as a final order." Again, on May 28, 1987, the WCAB affirmed the decision of the referee.[6]

The plaintiff then filed a second application for leave to appeal in the Court of Appeals, which was granted. In its opinion, dated January 17, 1989, the Court of Appeals reversed the decision of the WCAB and held that the plaintiff did have the right to have her attorney present at the medical examination requested by the defendants, and that the attorney may make "unobtrusive audio recordings" of the examination. 174 Mich App 309, 320; 435 NW2d 474 (1989). The defendants sought leave to appeal, which we granted on September 28, 1989.[7]

## II. ANALYSIS

The limited issue in this case centers on the

---

[5] Order of the Court of Appeals, dated May 1, 1986 (Docket No. 90983).

[6] Unpublished order of the WCAB, No 392, decided May 28, 1987.

[7] 433 Mich 881 (1989).

statutory construction of MCL 418.385; MSA
17.237(385), which provides in relevant part:

> After the employee has given notice of injury
> and from time to time thereafter during the con-
> tinuance of his or her disability, if so requested by
> the employer or the carrier, he or she shall submit
> himself or herself to an examination by a physi-
> cian or surgeon authorized to practice medicine
> under the laws of the state, furnished and paid for
> by the employer or the carrier. If an examination
> relative to the injury is made, the employee or his
> or her attorney shall be furnished, within 15 days
> of a request, a complete and correct copy of the
> report of every such physical examination relative
> to the injury performed by the physician making
> the examination on behalf of the employer or the
> carrier. *The employee shall have the right to have
> a physician provided and paid for by himself or
> herself present at the examination.* If he or she
> refuses to submit himself or herself for the exami-
> nation, or in any way obstructs the same, his or
> her right to compensation shall be suspended and
> his or her compensation during the period of sus-
> pension may be forfeited. Any physician who
> makes or is present at any such examination may
> be required to testify under oath as to the results
> thereof. [Emphasis added.]

A

The Court of Appeals relied on the analysis
applied by the WCAB in the case of *Crunk v Gen-
eral Motors Corp,* 1983 WCABO 524. In *Crunk,* the
WCAB held that § 385 of the WDCA and § 1445(1) of
the Revised Judicature Act[8] should be read in pari

---

[8] MCL 600.1445(1); MSA 27A.1445(1) provides:

Whenever in any proceedings before any court, board or
commission, or other public body or officer, an order is made by
such court, board or commission, or other public body or officer,
requiring and commanding that a person shall submit to a

materia because both "statutes contemplate that an injured employee will be required to submit to a medical examination." 174 Mich App 316. The Court added:

> Also related to this subject matter is § 865 of the WDCA, MCL 418.865; MSA 17.237(865), which authorizes the bureau to appoint an impartial physician to examine an injured employee. Section 865 of the WDCA accomplishes this by direct order, while § 385 of the WDCA accomplishes the functional equivalent of an order by authorizing the WCAB to sanction an employee who fails to appear at a medical examination requested by the employer by suspending and possibly ordering forfeiture of compensation benefits. We can perceive of no meaningful distinction between an order that directly requires a medical examination and one that coerces the employee to submit to an examination requested by the employer with the full force of WCAB sanctions behind the request. [*Id.* at 316-317.]

The Court of Appeals cited *Crawford Co v Secretary of State,* 160 Mich App 88, 95; 408 NW2d 112 (1987), for the rule that statutes which relate to the same subject matter or share a common purpose should be read in pari materia, even if they contain no reference to one another. However, we reject the contention that § 385 of the WDCA and § 1445(1) of the RJA were intended to relate to the same subject matter or were intended to have a common purpose.

In *Palmer v State Land Office Bd,* 304 Mich 628, 636; 8 NW2d 664 (1943), this Court identified the

physical examination, the order shall also provide that the attorney for such person may be present at such physical examination if the party to such examination desires that an attorney representing him be present.

necessary factors in order to determine if two statutes should be read in pari materia:

> "Statutes *in pari materia* are those which relate to the same person or thing, or to the same class of persons or things, or which have a common purpose; and although an act may incidentally refer to the same subject as another act, it is not *in pari materia* if its scope and aim are distinct and unconnected." [*Id.*, quoting *Rathbun v Michigan,* 284 Mich 521, 543; 280 NW 35 (1938).]

The RJA is intended "to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof "[9] as well as to provide procedures for the courts. The scope of the RJA covers a multitude of issues. Conversely, the scope of the WDCA is very specific; it was enacted to provide a prompt remedy for injured employees through an administrative process. The aim of the WDCA contemplates the avoidance of the judicial process, whereas the aim of the RJA is toward the organization of the court system.

We find that the scope and aim of the WDCA and the RJA are distinct and unconnected. The fact that § 385 of the WDCA and § 1445(1) of the RJA each refers to medical examinations is, at best, incidental. This being so, we find that the two statutes should not be read in pari materia.

By so holding, we do not suggest that § 1445(1) may never apply to a workers' compensation proceeding. The specific language of § 1445(1) indicates that it would apply in the face of a medical examination ordered by the bureau pursuant to

---

[9] Preamble to the Revised Judicature Act, 1961 PA 236.

§ 865 of the WDCA.[10] Section 1445(1) focuses on "an *order* . . . made by such court, board or commission, or other public body or officer . . . ." (Emphasis added.) It is not enough that there is a request for a medical examination in a proceeding before a public body. By the terms of the statute itself, there must be an accompanying "order . . . by such . . . public body or officer . . . ."

In the matter presently before the Court, there is no order from a public body or officer. Here, the medical examination *request* is a result of the valid exercise of a statutorily created right of the *defendants.* MCL 418.385; MSA 17.237(385). To apply § 1445(1) to a § 385 examination request would require a strained interpretation of § 1445(1) that is beyond the express language of the statute. Therefore, we find that § 1445(1) is inapplicable to a medical examination request made pursuant to § 385.

Accordingly, we note our disagreement with the rationale that a direct bureau order pursuant to MCL 418.865; MSA 17.237(865) amounts to the "functional equivalent" of a medical examination request under § 385.

Section 385 allows an *employer or its carrier* to request a medical examination of the employee conducted by a physician "furnished and paid for by the employer or its carrier." Section 865 allows the *bureau* to appoint an "impartial physician to examine the injured employee and to report." Section 385 empowers defendants to have their

---

[10] MCL 418.865; MSA 17.237(865) provides:

> The bureau may appoint a duly qualified impartial physician to examine the injured employee and to report. The fee for this service shall be $5.00 and traveling expenses, but the bureau may allow additional reasonable amounts in extraordinary cases.

own physicians examine plaintiffs, whereas § 865 empowers decisionmakers to conduct separate examinations with the directive that the physicians be neutral. We cannot ignore the fact that the Legislature has provided separate statutes to govern these two distinct scenarios. Therefore, we find that § 385 cannot be treated as the "functional equivalent" of § 865.

**B**

The defendants argue that the maxim *expressio unius est exclusio alterius,* the expression of one thing is the exclusion of another, is applicable to the determination of whether § 385 grants an employee the right to have counsel present at a medical examination requested by an employer or its carrier. We agree. While it is true that the maxim is a rule of construction as opposed to a rule of law, "[i]t is a product of 'logic and common sense.' It expresses the learning of common experience that when people say one thing they do not mean something else." 2A Sands, Sutherland Statutory Construction (4th ed), § 47.24, p 203. Furthermore, the principle of *expressio est unius exclusio alterius* is well recognized throughout Michigan jurisprudence. See *Alan v Wayne Co,* 388 Mich 210, 253; 200 NW2d 628 (1972); *Stowers v Wolodzko,* 386 Mich 119, 133; 191 NW2d 355 (1971); *Taylor v Public Utilities Comm,* 217 Mich 400, 402-403; 186 NW 485 (1922).

In *Taylor, supra* at 402-403, this Court recognized that "[e]xpressio unius est exclusio alterius has been a long time legal maxim and a safe guide in the construction of statutes marking powers not in accordance with the common law."

When what is expressed in a statute is creative,

and not in a proceeding according to the course of the common law, it is exclusive, and the power exists only to the extent plainly granted. Where a statute creates and regulates, and prescribes the mode and names the parties granted right to invoke its provisions that mode must be followed and none other, and such parties only may act. [*Id.* at 403.][11]

There is no question that the WDCA is a legislative creation which is in derogation of the common law. *Tews v C F Hanks Coal Co,* 267 Mich 466, 468; 255 NW 227 (1934); *Revard v Johns-Manville Sales Corp,* 111 Mich App 91, 95; 314 NW2d 533 (1981), lv den 417 Mich 854 (1983).[12] "It is arbitrary and where it speaks nothing can be added nor changed by judicial pronouncement." *Tews, supra* at 468-

---

[11] 2A Sands, *supra,* § 47.23, p 194 provides in part:

[*Expressio unius est exclusio alterius*] is applied to statutory interpretation, where a form of conduct, the manner of its performance and operation, and the persons and things to which it refers are designated, there is an inference that all omissions should be understood as exclusions. "When what is expressed in a statute is creative, and not in a proceeding according to the course of the common law, it is exclusive, and the power exists only to the extent plainly granted. Where a statute creates and regulates, and prescribes the mode and names the parties granted right to invoke its provisions, that mode must be followed and none other, and such parties only may act." The method prescribed in a statute for enforcing the rights provided in it is likewise presumed to be exclusive.

[12] This rule [*expressio unius est exclusio alterius*] is well recognized in Michigan. . . . It is particularly applicable to the construction of statutes, such as the workers' compensation act, which are in derogation of the common law. [*Revard, supra* at 95.]

See also *Brown v Eller Outdoor Advertising Co,* 139 Mich App 7, 13-14; 360 NW2d 322 (1984), lv den 424 Mich 902 (1986). In *Brown,* the Court reviewed with approval the reasoning of the WCAB when it applied the maxim *expressio unius est exclusio alterius* to determine that the express mention of weekly compensation benefits in § 801(5) of the WDCA, MCL 418.801(5); MSA 17.237(801)(5), implies the exclusion of other types of benefits.

469. It is the sole prerogative of the Legislature to alter or modify a provision of the WDCA, *Derwinski v Eureka Tire Co,* 407 Mich 469, 482; 286 NW2d 672 (1979).

Section 385 grants an employer or its carrier the authority to have a physician of its choice conduct a medical examination of an employee. The statute is clear and unambiguous in that it permits the employee "the right to have a physician provided and paid for by himself or herself present at the examination." It is equally clear that § 385 does *not* provide the employee with the right to have counsel present at the examination.[13] The right of the employee is plainly granted within the statute and exists *only* to the extent plainly granted. Therefore, the mode prescribed within § 385 "must be followed and none other . . . ." *Taylor, supra.*

Our analysis is buttressed by the fundamental rule of construction that every word of a statute should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible. *State Bar v Galloway,* 422 Mich 188, 196; 369 NW2d 839 (1985); *Baker v General Motors Corp,* 409 Mich 639, 665; 297 NW2d 387 (1980); *Stowers, supra.*

The plaintiff advances the argument that an employee has the right to have counsel present during a § 385 medical examination because the statute does not expressly preclude attorneys.[14]

---

[13] In interpreting § 862 of the WDCA, MCL 418.862; MSA 17.237(862), this Court held that when the language used in a statute is clear, the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written. *Hiltz v Phil's Quality Market,* 417 Mich 335, 343; 337 NW2d 237 (1983).

In *Storey v Meijer, Inc,* 431 Mich 368, 376; 429 NW2d 169 (1988), we held that when the language of a statute is clear and unambiguous, no further interpretation is necessary.

[14] If we were to accept this argument, the next question would have to be, "Then why did the Legislature include within § 385 the sentence '[t]he employee shall have the right to have a physician pro-

This rationale ignores the obvious fact that the Legislature has *expressly prescribed* that an employee has the right to have a personal physician present. To extend the right of an employee to include the presence of an attorney merely because the statute does not *expressly prohibit* counsel would neutralize the effect of the entire § 385 sentence in question[15] and render it nothing more than surplusage. This is a conclusion that may only be reached when we are presented with a strong countervailing legislative implication, and that is not the case here.[16]

Finally, the plaintiff argues that medical examinations conducted pursuant to § 385 are inherently unfair because "[t]he physicians selected by the carriers for the employers are often the same physicians time after time and are well versed with the Workers' Compensation laws and procedures." However, given the current scheme of the WDCA, we suggest that the appropriate remedy for this concern would be to impeach the credibility of the physician selected by the carrier through

vided and paid for by himself or herself present at the examination?' "

[15] The employee shall have the right to have a physician provided and paid for by himself or herself present at the examination. [MCL 418.385; MSA 17.237(385).]

[16] We note that the plaintiff and the amicus curiae in support of the plaintiff claim that the interpretation of § 385 advanced by the defendants violates art 1, § 13 of the Michigan Constitution, which provides, "[a] suitor in any court of this state has the right to prosecute or defend his suit, either in his own proper person or by an attorney." We disagree. Such an interpretation does not preclude the plaintiff from having an attorney prosecute a suit. It merely means that an employee does not have the right to have an attorney present during an examination conducted pursuant to § 385.

In fact, § 385 specifically provides for the involvement of an employee's attorney. The statute provides that a report of the physical examination made by the defendant's physician shall be furnished to the employee's attorney within fifteen days of a request, and that any physician who makes or is present at any such examination may be required to testify under oath as to its results.

cross-examination.[17]   Additionally,   an   attorney
would have "ample opportunity to challenge the
use made of the information obtained by the exam-
ination when the findings are presented as evi-
dence in court." Barnet, *Compulsory medical ex-
aminations under the federal rules,* 41 Va L R
1059, 1074 (1955).

The process and procedure of the WDCA is to be
as summary as possible, MCL 418.853; MSA
17.237(853). Section 385 is designed as a fact-
finding process by which an employer or its carrier
can gather medical information relevant to an
injury sustained by an employee. The very pres-
ence of a lawyer for the examined party injects a
partisan character into what should otherwise be
an objective inquiry. *Warrick v Brode,* 46 FRD 427
(1969). Furthermore, we believe that the presence
of an attorney at a § 385 examination would tend
to promote an adversarial environment even be-
fore litigation has begun, thereby defeating the
summary nature of workers' compensation pro-
ceedings.

Since the enactment of the Workers' Disability
Compensation Act of 1969, the Legislature has not
exercised its prerogative to alter or modify the
language of the statute which provides an em-
ployee with the right to have a personal physician
present during a physical examination conducted
pursuant to § 385. As such, it is beyond the power
of this Court to add to the express language of the
statute through judicial pronouncement. *Tews, su-*

[17] The presence of an attorney during a § 385 medical examination
may result in the disqualification of the attorney pursuant to the
Michigan Rules of Professional Conduct. "When an attorney observes
the examination of his client, he creates the possibility that he may
have to impeach the examining physician through his own testimo-
ny." *McDaniel v Toledo, P & W R Co,* 97 FRD 525 (1983). Should this
situation arise, it would violate MRPC 3.7(a) which provides, "[a]
lawyer shall not act as advocate at a trial in which the lawyer is
likely to be a necessary witness . . . ."

*pra* at 468-469. We find that the maxim *expressio est unius exclusio alterius,* as well as the fundamental rule of construction that every word in a statute should be given meaning and no word should be treated as surplusage if at all possible, are applicable to the question before us today. Therefore, we determine that the legislative intent of § 385 is to limit the right of an employee to the presence of a personal physician during an examination requested by an employer.[18] Thus, we conclude that § 385 does not grant an employee the right to have counsel present during a physical examination requested by the employer.

### III. CONCLUSION

Section 385 provides a procedure which allows an employer or its carrier to conduct a physical examination of an injured employee. The statute is clear in that it provides an employee with the right to have a personal physician present at the examination. To extend the effect of § 385 beyond the language of the statute would breach the rules of statutory construction, as well as the summary spirit of the WDCA.

We acknowledge that the WDCA should be applied liberally in favor of an injured employee inasmuch as it is remedial in character. 81 Am Jur 2d, Workmen's Compensation, § 28, p 722. However, reasonable limitations should be placed upon the rule of liberal construction so as not to "evade the plain intent or to deny the clear mandate of the statute, nor should the operation of the law be stretched by any extravagant principle of

---

[18] 2A Sands, *supra,* § 57.10, p 664 provides, "[w]here a statute grants authority to do a thing and prescribes the manner of doing it, the rule is clear that the provision as to the manner of doing the thing is mandatory, even though the doing of it in the first place is discretionary."

inclusion." *Id.* at 724. "Where the language used is so plain as to leave no room for construction, the court should not read into the enactment words that are not found therein either by express inclusion or by fair implication."[19] *Id.,* § 29, p 725.

We agree with the lead opinion of the WCAB[20] that the "[d]efendant's ability to defend the case is seriously compromised as to any medical issues [by plaintiff's refusal to submit to the defendant's requested examination], and 385 is very clear that plaintiff *shall* submit to medical examinations arranged by defendant." (Emphasis in original.)

We hold that an employee does not have the right to have counsel present during a physical examination requested by an employer or its carrier pursuant to § 385. Consequently, we find as moot the second issue regarding the audio recordings of the examination.

Accordingly, we reverse the decision of the Court of Appeals.[21]

BRICKLEY and GRIFFIN, JJ., concurred with RILEY, C.J.

BOYLE, J. *(concurring)*. It would be naïve not to recognize the inherently adversarial nature of a

_____

[19] "The courts should recognize limitations on their powers in interpreting statutes. They should recognize that the legislature is supreme and must be followed to the extent that it has passed laws which are clear and constitutional. The courts do not have the right to say: 'This is what the statute states, but we do not like it and hence will not follow it.'" [3 Sands, Sutherland Statutory Construction (4th ed), p 821, reprinted from Johnstone, *An evaluation of the rules of statutory interpretation,* 3 U Kan L R 1, 8 (1954).]

[20] See n 6.

[21] In the event that plaintiff submits to the medical examination requested by the defendants, further action would not be barred by the doctrine of res judicata because there has been no decision on the merits of the case. *Gose v Monroe Auto Equipment Co,* 409 Mich 147; 294 NW2d 165 (1980).

physical examination requested by an employer or its carrier under MCL 418.385; MSA 17.237(385). But "[u]nfortunately, the adversarial nature of the setting does not operate to amend the statutory language." (1986 WCABO 43, 46, member Gonzales, concurring.) I therefore concur in the conclusion of the lead opinion that there is no right to have an attorney present at a § 385 physical examination. Where the Legislature has declined to provide the right to an attorney at a § 385 physical examination, such a right may not be created by judicial action, no matter how well justified by the realities of the situation. Simply put, the terms of MCL 600.1445; MSA 27A.1445, granting a right to an attorney at a physical examination ordered by the bureau pursuant to MCL 418.865; MSA 17.237(865), do not apply to the situation at hand. Section 385, which does govern, does not provide the right plaintiff wishes to find therein.

I agree with the WCAB that even if there is no *right* to have an attorney present at a § 385 examination, a hearing referee may, in his discretion, order an attorney's presence where good cause is shown. The WCAB in this case, holding that no right was granted in § 385, nevertheless held that given circumstances might require an attorney's presence. See also *Crunk v General Motors Corp,* 1983 WCABO 524, 527-528 (Gillman, Chairman of the Appeal Board, dissenting). It would appear that the bureau is uniquely qualified to judge both the need for relief and the most appropriate means to deal with each situation as it arises within the statutory scheme.

The presence of an attorney at an employer-requested physical examination may be justified and in certain cases may be sorely needed. In *Crunk,* member Gillman cited, for example, circumstances of "a plaintiff with severe language

difficulty; a mentally-deficient plaintiff; . . . a physician with a demonstrated hostility to this plaintiff . . . ." *Id.,* p 528. But this Court is not free to amend the Workers' Disability Compensation Act to square with its own view of good public policy. That is the sole prerogative of the Legislature. *Derwinski v Eureka Tire Co,* 407 Mich 469, 482; 286 NW2d 672 (1979). I would urge the Legislature to address this question, calling upon the expertise of those who are familiar with the reality of the need for the presence of an attorney at a § 385 physical examination.

CAVANAGH, J. I respectfully dissent from the majority's interpretation of § 385 of the Workers' Disability Compensation Act. MCL 418.385; MSA 17.237(385).

I reject the majority's conclusion that its interpretation of the statute is compelled by the rules of construction "the expression of one thing is the exclusion of another" and "no word should be treated as surplusage . . . ." *Ante,* pp 362, 364. To interpret § 385 as expressing a legislative intent to assure the right to *at least* a physician's presence violates neither of these maxims. The absence of any reference to the presence of nonphysicians at the examination is ambiguous: The Legislature may have either assumed an employee already had the right to the presence of nonphysicians,[1] or

---

[1] It is not unreasonable to conclude that, in enacting § 385 in 1969, the Legislature assumed that the right to an attorney's presence at a physical examination ordered by a public body, provided by then in § 1445(1) of the Revised Judicature Act, MCL 600.1445(1); MSA 27A.1445(1), would apply to the physical examinations specified under § 385. Under § 385, the Legislature itself has essentially ordered employees to submit to examinations requested by their employers. The degree and source of compulsion provided by § 385 is the same as if the examination were preordered by a court or other tribunal in every case.

That the Legislature separately provided in § 865, MCL 418.865;

even neglected, failed, or refused to decide whether or not an employee could bring along a nonphysician observer.

Nothing in § 385 denies an employee the right to the presence of a person other than a personal physician at the examination, be that person the employee's spouse, an interpreter, a friend of the employee, the employee's attorney or that attorney's representative,[2] or a nurse. More generally, the section does not deny an employee the right to insist that the examination be subject to reasonable conditions;[3] it only prohibits the employee from "refus[ing] to submit" to or "in any way obstruct[ing]" the examination. No record support exists for the underlying assumption of the majority that the presence of this plaintiff's attorney will "in any way obstruct" the examination. Any assumption that he will is pure speculation.

Finally, the majority's policy explanations for its result are unconvincing. Apparently, in the majority's view, the Legislature guaranteed the employee the right to her physician's presence, but

MSA 17.237(865), for the bureau to appoint and pay an "impartial" examining physician does not suggest any legislative decision to deny the employee the right to an attorney's presence at either an examination under § 865 or § 385. Indeed, by holding that an employee may insist upon an attorney's presence at an examination by an impartial physician under § 865, cf., *Zawacki v Detroit Harvester Co*, 310 Mich 415; 17 NW2d 234 (1945), while prohibiting counsel's presence at an examination by the employer's physician, the majority's interpretation effects an ironic result: The employee's right to an attorney's presence is recognized only when it is least needed.

[2] A paralegal or legal assistant may serve the same purpose as an attorney without posing the potential problem noted in n 17 of the majority opinion. *Ante,* p 366. Still, the existence of the potential conflict says little about the Legislature's intent. After all, the same situation did not dissuade the Legislature from providing for a client's right to an attorney's presence under § 1445(1).

[3] *Tostige v Morey's Gulf & Country Club,* 1972 WCABO 1934 (the plaintiff's refusal to submit to examination was reasonable, the denial of the motion to forfeit benefits was upheld); *Rodabaugh v General Motors Corp,* 1978 WCABO 2413, 2416 ("the rule of reasonableness" controls the location of an examination).

denied her the right to her attorney's presence
because it agreed (1) that an attorney's presence in
all or most cases would obstruct or lengthen these
examinations to a greater degree than a physi-
cian's presence would, and (2) that a lawyer's
presence would "inject[ ] a partisan character into
what should otherwise be an objective inquiry."
*Ante,* p 366.

I find no basis for these assessments of legisla-
tive intent, nor does the majority provide any. Just
as nothing in this record suggests that the pres-
ence of this particular employee's attorney will
cause her examination to take longer or make her
workers' compensation proceedings less "sum-
mary," no basis exists to suppose a legislative
prediction that delay or obstruction will generally
accompany the presence of an attorney at these
examinations. The majority's second rationale
naïvely ignores the inherently adversarial nature
of these proceedings, and its recognition by the
Legislature. If the Legislature had anticipated that
these examinations would be nonpartisan or "ob-
jective," it need not have provided for either the
presence of the employee's physician or a separate
examination with an impartial physician under
§ 865. For these reasons, I cannot agree with the
majority's conclusion that allowing an employee to
insist on the presence of a nonphysician at an
examination under § 385 would violate legislative
intent by "defeating the summary nature of work-
ers' compensation proceedings." *Ante,* p 366. Nor
would I agree that the medical examination itself
should be "summary." The presence of an ob-
server, like the presence of a physician, might well
ensure the salutary effect of a more thorough
examination.

The Legislature has conditioned the continued
receipt of benefits upon the worker's coöperation

with the defendant's doctor's physical examination. The examination clearly forces a surrender of the worker's privacy. The statute's specific allowance of the worker's own physician at the examination must arise only rarely. How many injured workers, living on the very compensation threatened to be forfeited, can afford to pay a physician to attend? If the worker is fortunate to have hospitalization insurance, would such attendance by a personal physician be reimbursable as a necessary expense? I hardly think so! It is for this reason, as well, that I find it unfortunate that the majority today reaches out to find a statutory prohibition against an injured worker's ability to be accompanied by a person the worker chooses during this personal and intrusive, albeit required, experience.

Certainly, if an employer can demonstrate that a particular demand by a particular employee will result, or has resulted, in some obstruction of the examination, relief is available to the employer under § 385.[4] But I am unwilling to attribute to

[4] The majority opinion of the board in this case asserted that an employee may avoid forfeiture even when insisting upon the presence of a nonphysician at an examination under § 385, but only in exigent circumstances which ordinarily would not be present. While it is not clear whether the majority of this Court would allow an employee even this limited "right" to the presence of an attorney, the construction is unacceptable. It places the burden of proving the absence of obstruction on the employee even though a presumption of obstruction is not present in the statute. See, e.g., *Armstead v Lansing School Dist*, 1989 WCABO 24, 32 (the defendant has the burden of proving that the plaintiff obstructed the examination); *Johns v Michigan Bell Telephone Co*, 1979 WCABO 2066, 2078 (forfeiture was inappropriate absent a showing of a pattern of conduct demonstrating an intent to thwart the defendant's examination of the plaintiff).

See also *Tri-Met, Inc v Albrecht*, 308 Or 185, 190; 777 P2d 959 (1989), where the court upheld a referee's finding under a similar statute that the employer had not shown obstruction when the referee stated:

"I do not find much merit in the objections raised by the proposed examiners in this matter. . . . Claimant's attorney

the Legislature an intent to authorize the severe sanction of forfeiture of an employee's right to compensation benefits whenever that employee insists, under § 385, upon the presence of an attorney, a person other than a personal physician, or a tape recorder, at an examination.

LEVIN and ARCHER, JJ., concurred with CAVANAGH, J.

has agreed to do nothing more than observe. The examiners' suggestion that an attorney's mere presence would taint the examination is patently absurd and only bolsters concerns over examiner objectivity."